(April 30, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LANGHORN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered May 31, 1984, convicting him of robbery in the first degree (six counts), and criminal use of a firearm in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

By failing to make a motion to the court of first instance to withdraw his plea or vacate his conviction, the defendant has failed to preserve for appellate review the issue of the sufficiency of the plea allocution *(see, People v Pellegrino,* 60 NY2d 636; *People v Santiago,* 100 AD2d 857). Nor is reversal warranted in the interest of justice. It is well settled that a guilty plea can be accepted in the absence of a defendant's personal recitation of all the elements of the crime charged when there is no suggestion on the record that the plea is improvident or baseless *(People v Nixon,* 21 NY2d 338, 350, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Demonde,* 111 AD2d 867; *People v Moore,* 91 AD2d 1050). The mere fact

that a defendant's allocution does not establish the essential elements of the crime to which he pleaded guilty is not, in itself, fatal with regard to the propriety of the plea. It has been recognized that a defendant, pursuant to a plea-bargaining agreement, may plead guilty to a crime for which there is no factual basis inasmuch as he may wish to avoid the risk of conviction upon a trial of the more serious crime charged in the indictment *(People v Wedgewood,* 106 AD2d 674, 676).

In the instant case, the defendant heard a recitation of the prosecution's evidence against him and was afforded the opportunity to present his version of the events. The claim that his gun was not loaded is a claim which he might not have been able to argue successfully at trial *(see, People v Madeo,* 103 AD2d 901, 903). Given the fairness of the plea arrangement, the adherence to the promised sentence and the adequate representation by counsel, the court properly accepted the defendant's guilty plea without the need for further inquiry *(see, People v Francis,* 38 NY2d 150; *People v Demonde, supra,* p 868). Mangano, J. P., Gibbons, Weinstein, Eiber and Spatt, JJ., concur.