■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN EVERETT, Appellant.—Kane, J. Appeal from a judgment of the County Court of Chenango County (Dowd, J.), rendered December 16, 1986, convicting defendant upon his plea of guilty of two counts of the crime of sodomy in the first degree.

Defendant was charged with two counts of sodomy in the first degree and two counts of sexual abuse in the first degree. The charges concerned his having allegedly sexually abused his two daughters. Thereafter, pursuant to a plea agreement, defendant pleaded guilty to the two counts of sodomy in the first degree and was sentenced as a predicate felon to concurrent prison terms of 5 to 10 years.

In appealing his conviction, defendant initially contends that County Court failed to make a sufficient inquiry at the time of his plea so as to determine that defendant had in fact committed the crimes to which he was pleading guilty. However, defendant failed to make a motion to County Court to withdraw his plea or vacate his conviction; he has therefore failed to preserve for our review the question of the sufficiency of his plea allocution *(see, People v Langhorn, 119 AD2d 844, lv denied 68 NY2d 758; see also, People v Pellegrino, 60 NY2d 636, 637).*

Even were we to address this issue, we would find the plea sufficient in this case. At one point in the colloquy, defendant

did indicate that he was pleading guilty as a matter of convenience. However, County Court read defendant the charges and defendant specifically admitted that he committed the alleged acts. A guilty plea may be accepted in the absence of a defendant's actual recitation of all of the elements of the crime where, as here, there is no indication that the plea was improvident or baseless *(see, People v Langhorn, supra)*. Accordingly, we find no error in the court's acceptance of defendant's guilty plea. We have also reviewed defendant's claim of ineffective assistance of counsel and find it lacking in merit.

Judgment affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.