■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE SHOCK, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered May 27, 1988, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

Defendant and a companion were charged with two separate private residence break-ins while armed with a .22-caliber rifle. Pursuant to a negotiated agreement, defendant pleaded guilty to first degree burglary in full satisfaction of the multiple count indictment and was sentenced to an indeterminate term of 7 to 21 years' imprisonment. On this appeal, defendant urges that he was denied the effective assistance of counsel. Specifically, he maintains that counsel was remiss in failing to seek withdrawal of the guilty plea once defendant explained he was under the influence of alcohol and prescribed medication during the incident. We hold otherwise.

During a thorough plea allocution, County Court specifically advised defendant that intoxication was not a defense, but could be relevant on the question of intent (see, People v Perry, 61 NY2d 849). Defendant indicated he understood and confirmed that he knew what he was doing during the burglary. As such, we discern no ineffectiveness in the representation provided. Defendant's further characterization of the sentence as excessive is also unpersuasive. Although the prosecution recommended a sentence of 6 to 18 years' imprisonment, County Court emphatically accepted the plea bargain with no promises as to sentencing. Notably, the rifle was discharged during this incident and the victims were transported around town as veritable "hostages" while defendant and his companion attempted to cash their checks. Given the serious nature of this crime, the sentence imposed—which was statutorily authorized (see, Penal Law § 70.00 [2] [b]; [3] [b])—was not improvident.

Judgment affirmed. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.