■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE G. VALLANCE, Appellant.—Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered January 22, 1992, which (1) convicted defendant upon his plea of guilty of two counts of the crime of driving while intoxicated, and (2) revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to one count of the crime of driving while intoxicated in satisfaction of a two-count indictment and to a second count of driving while intoxicated in

satisfaction of a superior court information. During the same plea allocution, defendant admitted that by drinking alcoholic beverages he had violated the conditions of the probation that had been imposed upon him after an earlier conviction of the crime of driving while intoxicated. County Court revoked defendant's probation and sentenced him to one year in jail. County Court also sentenced defendant upon his guilty pleas to two concurrent one-year jail terms, to be served consecutively to the sentence imposed upon the revocation of probation. Defendant appeals.

We affirm. Contrary to defendant's argument, the transcript of the plea allocution clearly establishes that defendant pleaded guilty without any agreement as to the sentence to be ultimately imposed and with the understanding that he could receive a sentence of three consecutive terms of imprisonment resulting in a maximum exposure of up to 12 years' imprisonment. County Court was free to impose whatever sentence it found appropriate consistent with that understanding (see, *People v Andrews,* 155 AD2d 779; *People v Shock,* 152 AD2d 821, *lv denied* 74 NY2d 852). In view of defendant's extensive record of criminal convictions for driving while intoxicated, we find no basis to disturb the sentence imposed by County Court (see, *People v Miller,* 163 AD2d 627, *lv denied* 76 NY2d 942).

Weiss, P. J., Levine, Mercure, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.