■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. SLOAN, Appellant. [645 NYS2d 118] —Yesawich Jr., J.

On October 12, 1993, defendant was indicted and charged with the crimes of aggravated harassment in the second degree, burglary in the first degree, assault in the third degree and criminal mischief in the fourth degree. These charges all stemmed from defendant's alleged harassment of a former girlfriend which included an incident whereby defendant broke into the victim's home and attacked her. Following plea negotiations, defendant, while represented by counsel, pleaded guilty to the crime of attempted burglary in the second degree in full satisfaction of the indictment. In the course of the plea allocution, defendant also agreed to waive his right to appeal all issues but those related to his sentence. Defendant was thereafter sentenced to a prison term of 1 to 4 years and this appeal followed.

Defendant's sole contentions on appeal are his claims that his guilty plea and waiver of his right to appeal were not properly entered. Inasmuch as defendant failed to move to withdraw his plea or vacate the judgment of conviction, however, he may not now challenge the sufficiency of his plea (*see, People v Villafane*, 216 AD2d 605). Were we to consider the merits, we would find, contrary to defendant's assertions on appeal, that the transcript of the plea allocution establishes that defendant knowingly and voluntarily entered a plea of guilty and waived his right to appeal following a sufficient in-

quiry by County Court, during the course of which defendant admitted his guilt to the elements of the crime of attempted burglary in the second degree (*see*, *People v Baker*, 225 AD2d 949). Since defendant raises no challenge with respect to his sentence, the judgment of conviction must be affirmed.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.