■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERICK GAINES, Appellant. [651 NYS2d 643] —Carpinello, J. Appeal from a judgment of the County Court of Albany County (Teresi, J.), rendered August 16, 1994, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant, then 14 years old, was charged with snatching the purse of an 82-year-old woman. He pleaded guilty to the crime of robbery in the second degree and was sentenced as a juvenile offender to 2 to 6 years in a juvenile detention facility. Defendant contends that he was denied due process and effective assistance of counsel. He further argues that he should have been sentenced as a youthful offender and, therefore, the sentence imposed was harsh and excessive.

Our review of the record reveals that the criminal proceedings were conducted in accordance with the provisions of the CPL and that defense counsel provided defendant with meaningful representation. Inasmuch as defendant entered a voluntary, knowing and intelligent plea of guilty to the crime of robbery in the second degree and waived his right to appeal as part of that plea, he may not now challenge the severity of the sentence (see, People v Lopez, 212 AD2d 1053, lv denied 85 NY2d 976; People v Minshell, 196 AD2d 911, lv denied 82 NY2d 851). Nevertheless, were we to consider the merits, we would find that the sentence is neither harsh nor excessive under the circumstances presented. Furthermore, it was within County Court's discretion whether to sentence defendant as a youthful offender and we cannot conclude that the court abused its discretion in declining to do so (see, People v Buckley, 196 AD2d 915; People v Carter, 158 AD2d 851, 853).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed.