■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY ORTIZ, Appellant. [651 NYS2d 940] —Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered January 3, 1995, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant waived indictment and pleaded guilty to assault in the second degree as charged in a superior court information in satisfaction of the information, as well as other pending charges. The charge stems from an allegation that defendant caused physical injury to a police officer by punching and kicking him. The plea was entered with the express understanding that defendant would be waiving his right to appeal and would be sentenced as a second felony offender to a prison term of 2 to 4 years. Having entered the plea and waived his right to appeal, defendant was sentenced as agreed.

Defense counsel urges that there are no nonfrivolous issues that can be raised on appeal and seeks to be relieved from representing defendant. Upon our review of the record and defense counsel's brief, we agree. In our view, defendant knowingly, voluntarily and intelligently pleaded guilty and waived his right to appeal. Accordingly, the judgment is affirmed and defense counsel's application to be relieved as counsel is granted (*see, People v Cruwys*, 113 AD2d 979, *lv denied* 67 NY2d 650).

As a final matter, we note that defendant raises a myriad of factual defenses in his *pro se* brief, and contends that his plea was involuntary and his trial counsel's assistance ineffective. Having failed to move to withdraw his plea or vacate the judgment of conviction, defendant may not now challenge the sufficiency of his plea (*see, People v Sloan*, 228 AD2d 976, *lv denied* 88 NY2d 994), which, in any event, we find to have been

entered into voluntarily. His remaining *pro se* contentions are either unpreserved for review (*see, People v Seaberg*, 74 NY2d 1) or without merit.

Mikoll, J. P., Crew III, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.