■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE B. WILLIAMS, JR., Appellant. [654 NYS2d 846] —Mercure, J. Appeals (1) from a judgment of the County Court of Sullivan County (Kane, J.), rendered September 16, 1994, convicting de-

fendant upon his plea of guilty of the crimes of murder in the second degree (two counts) and criminal possession of a weapon in the fourth degree (two counts), and (2) by permission, from an order of the Supreme Court (Lamont, J.), entered May 6, 1996 in Sullivan County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On October 20, 1993, defendant was indicted for the shooting deaths of both his father and stepmother. Ultimately, he pleaded guilty to two counts of murder in the second degree and two counts of criminal possession of a weapon in the fourth degree. He was sentenced to consecutive prison terms of 15 years to life and 20 years to life on the murder counts and concurrent prison terms of one year on the weapons charges. Defendant appealed the judgment of conviction and thereafter moved pursuant to CPL 440.10 to vacate the conviction. The motion was denied and this Court granted permission to appeal from that denial.

Initially, we reject defendant's contention that Supreme Court erred in denying his CPL 440.10 motion without a hearing. Defendant contended that he was subjected to duress and that the plea allocution was insufficient. As Supreme Court noted, however, sufficient facts appear on the record of the proceedings with respect to these issues to permit adequate review thereof in defendant's direct appeal. To overcome the presumption of regularity which is accorded to judgments of conviction, a defendant must demonstrate that the nonrecord facts sought to be established entitle him to relief (*see, People v Smith*, 227 AD2d 655, *lv denied* 88 NY2d 994). Here, since we agree with Supreme Court that defendant's motion can be decided on the record and defendant's submissions, we find that the court properly denied the motion without a hearing (*see, People v Cooks*, 67 NY2d 100; *People v Morgan*, 135 AD2d 912).

Turning to defendant's direct appeal, there is no support for the assertion that the plea was not made knowingly and voluntarily. County Court engaged in an extensive colloquy before accepting the plea. Defendant advised the court that he understood the charges and that his plea would result in a conviction of those charges. He answered in the negative when asked if anyone was forcing him to plead guilty or whether he was under the influence of any drugs. Based upon the record and defendant's failure to offer any support for his claim that he was on medication at the time and did not understand the nature of the charges, we find no basis for reversing the conviction (*see, People v Mattison*, 226 AD2d 924).

We also reject defendant's contention that the plea allocution was insufficient. During the allocution, he admitted shooting both of the victims with a .22-caliber rifle. He acknowledged that he shot his stepmother in the head and that he knew the weapon was loaded. He stated that he knew that if he shot someone in the head it would kill them. As to his father, defendant admitted that he shot him more than once and that he did so at close range. Defendant stated that he understood that in doing so, he would cause the death of his father. In our view, the court's inquiry sufficiently established all of the elements of murder in the second degree (*see*, Penal Law § 125.25 [1]; *People v Smith, supra*).

Finally, we find defendant's contention that the sentence was harsh and excessive to be without merit. The sentence imposed was in accordance with the terms of the plea arrangement and within the statutory limits. Accordingly, we see no reason to disturb it (*see, People v Catalfamo*, 228 AD2d 786). Defendant's remaining arguments have been considered and rejected.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment and order are affirmed.