■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX GALARZA, Appellant. [655 NYS2d 667] —Yesawich Jr., J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered August 14, 1995, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant, then 16 years old, was charged with 16 separate drug-related crimes, arising from eight separate sales of cocaine or heroin. He pleaded guilty to a single count of criminal possession of a controlled substance in the third degree in satisfaction of all charges and was promised a prison sentence of 4 to 12 years. The sentence, however, was conditioned upon defendant not committing any further crimes between the date of the plea and sentencing. Prior to sentencing, County Court was advised that defendant had assaulted two inmates in the Montgomery County Jail. Following defendant's waiver of his right to a hearing on these charges, County Court sentenced him to serve 5 to 15 years. Defendant appeals.

Inasmuch as defendant has not made a motion to withdraw his guilty plea or to vacate the judgment of conviction, he may not challenge the sufficiency of his guilty plea on appeal (*see, People v Sloan*, 228 AD2d 976, 977, *lv denied* 88 NY2d 994). Were we to consider the merits of defendant's challenge to the sufficiency of his plea, we would find on the record before us that defendant, who was effectively represented, entered a knowing, voluntary and intelligent guilty plea, which included a relinquishment of his appeal rights (*see, People v Nardi*, 232 AD2d 673, 674; *People v Berezansky*, 229 AD2d 768, 769). The transcript of the plea allocution discloses that County Court provided defendant with a detailed explanation of the ramifications of pleading guilty and that he fully understood the court's explanation. Defendant has thus waived his right to challenge the severity of the sentence or County Court's refusal to adjudicate him a youthful offender (*see, People v Gaines*, 234 AD2d 712).

In any event, given defendant's pervasive involvement in illegal drug trafficking and the fact that some of the drug sales providing the basis for the indictment took place while defendant was on probation, County Court cannot be charged with abusing its discretion in declining to adjudicate him a youthful offender. Nor is the sentence he received unduly harsh or excessive. Not unimportantly, defendant agreed to the enhanced sentence of 5 to 15 years, in satisfaction of the charges contained in the indictment as well as the assault charges. Moreover, that sentence is less than the harshest penalty permissible under the statute. In sum, we find no reason to disturb the sentence imposed (*see, People v Nardi, supra; People v Vasquez*, 231 AD2d 755).

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.