■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAREN E. KINCH, Appellant. [655 NYS2d 191] —Mercure, J. P. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 9, 1996, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

On the eve of trial, defendant disposed of a two-count indictment with a counseled plea of guilty to grand larceny in the fourth degree. The plea was entered with the understanding, stated on the record, that defendant would be sentenced as a second felony offender to the shortest permissible sentence, a prison term of $1^1/_2$ to 3 years, with a recommendation of shock incarceration. Sentenced in accordance with the plea bargain, defendant now appeals, primarily contending that his guilty plea was not properly entered and that CPL 410.91 is unconstitutional because it deprives him of equal protection of the law.

We perceive no merit to defendant's contentions and accordingly affirm.

First, defendant having failed to move to withdraw or to vacate his guilty plea, his contentions addressed to the voluntariness of his plea have not been preserved for our consideration (*see, People v Sloan*, 228 AD2d 976, *lv denied* 88 NY2d 994; *People v Perez*, 228 AD2d 821, *lv denied* 88 NY2d 968; *People v Trathen*, 227 AD2d 73, *lv denied* 88 NY2d 996). In any event, the transcript of the plea allocution establishes that defendant's plea of guilty was knowingly and voluntarily entered. Contrary to defendant's current assertion, there is no requirement that a defendant personally recite the facts underlying his or her crime (*see, People v Trathen, supra*).

Second, to the extent that the issue survived defendant's plea of guilty and his qualified waiver of appeal, we are not persuaded that CPL 410.91, which creates the sentencing option of parole supervision for eligible individuals with a history of controlled substance dependence (*see,* CPL 410.91 [3]), denies defendant (who claims to have a problem with alcohol and nonnarcotic drugs) equal protection of the law. In view of the current nationwide drug crisis and the criminal conduct engendered thereby, it cannot be seriously argued that legislation targeting drug-dependent individuals and providing for intensive drug treatment in lieu of incarceration does not bear a reasonable relationship to some legitimate legislative objective (*see, People v Barnes*, 62 NY2d 702).

In view of our determination that CPL 410.91 is not unconstitutional as applied to defendant, the remaining contention, addressed to his trial counsel's failure to adequately pursue that issue, need not be considered.

White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.