■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BATTISTE, Appellant. [656 NYS2d 800] —Spain, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered February 17, 1995, convicting defendant upon his plea of guilty of the crimes of murder in the second degree, attempted murder in the second degree and assault in the first degree.

In April 1994, defendant and a codefendant became involved in a physical altercation with two men in a bar in the City of Hudson, Columbia County. The altercation left one of the men, who had been stabbed by defendant, dead and the other one injured. Defendant thereafter pleaded guilty to the crimes of murder in the second degree, attempted murder in the second degree and assault in the first degree in full satisfaction of the criminal charges filed against him. He was sentenced to a prison term of 15 years to life on the murder conviction, $8^1/_3$ to 25 years on the attempted murder conviction and 5 to 15 years on the assault conviction, with all sentences to run concurrently. On appeal, defendant argues that the plea agreement was not the result of a meaningful choice and that the sentence of 15 years to life in prison on the murder conviction is harsh and excessive.

Initially, inasmuch as defendant did not move to withdraw

his plea or vacate the judgment of conviction, he may not challenge the sufficiency of his guilty plea on appeal (see, *People v Miller*, 234 AD2d 804; *People v Ortiz*, 234 AD2d 793; *People v Sloan*, 228 AD2d 976, *lv denied* 88 NY2d 994). Nevertheless, were we to consider the merits of this claim, we would find it to be unavailing. Upon reviewing the transcript of the plea allocution, it is apparent that County Court adequately explained the implications of a plea of guilty and that defendant expressed his understanding of the same, his satisfaction with the services of his attorney, and his desire to enter a plea of guilty of his own free will. Thus, we conclude on the record before us that the plea was knowingly, voluntarily and intelligently made (see, *People v Thompson*, 234 AD2d 709; *People v Nardi*, 232 AD2d 673, *lv denied* 89 NY2d 927; *People v Berezansky*, 229 AD2d 768, *lv denied* 89 NY2d 919). We reject as being without merit defendant's argument that County Court should hold an evidentiary hearing to determine the fairness of a plea agreement where a defendant is represented by a Public Defender.

Finally, given the gravity of the crimes committed by defendant and that he agreed to the sentence as part of the plea bargain, we find that the sentence imposed by County Court is neither harsh nor excessive (see, *People v Nardi, supra*, at 674).

Cardona, P. J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.