■ The People of the State of New York, Respondent, v Aurelio Rojas, Appellant. [657 NYS2d 100] —Mercure, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered February 22, 1995, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant was indicted for criminal possession of a con-

trolled substance in the first degree, criminally using drug paraphernalia in the second degree, criminal possession of a weapon in the third degree and a number of other counts as the result of an October 8, 1993 incident when cocaine, a scale and a weapon were found in the vehicle in which he was traveling on the Thruway. On October 7, 1994, defendant disposed of the indictment with a counseled plea of guilty to a reduced charge of criminal possession of a controlled substance in the second degree. The plea was given and accepted as part of a plea bargain that provided for defendant's waiver of his right to appeal but ensured that his sentence would not exceed a $5,000 fine and a prison term of four years to life so long as he personally appeared for sentencing and committed no additional crimes prior to that time.

At a December 28, 1994 appearance in County Court, defendant indicated that he intended to move to withdraw his plea of guilty. Defendant was advised to make the motion in writing, returnable January 10, 1995. As of that date, no motion papers had been filed with County Court. The parties appeared the following day and defendant's counsel explained that the motion papers had been prepared but defendant was unwilling to sign them because he did not want to withdraw his guilty plea. At the same time, defendant wanted his counsel to pursue what he believed to be a meritorious statutory speedy trial claim. First defendant's counsel and then County Court advised defendant of the fact that, absent successful withdrawal of his guilty plea, he could not pursue a CPL 30.30 motion. In addition, defendant was advised that if he was successful in his effort to withdraw his guilty plea but the ensuing CPL 30.30 motion was denied, there could be no assurance that the plea bargain would still be available. Simply stated, it was made patently clear to defendant that he was required to make an election.

The parties next appeared in County Court on January 13, 1995 and defendant continued in his effort to pursue the statutory speedy trial issue orally and in the absence of any written motion to withdraw his guilty plea. In the course of his recitation, defendant challenged the ability and honesty of his counsel to the point where the latter sought to be relieved of assignment. County Court granted the motion. Defendant then appeared on February 22, 1995 with new assigned counsel. After asking a number of questions of County Court and the District Attorney concerning the dates of certain prior appearances and proceedings, defendant indicated that he did not want to withdraw his guilty plea but desired to proceed with

sentencing. Sentenced in accordance with his plea bargain, defendant now appeals.

We affirm. Initially, we note that defendant's failure to move to withdraw or to vacate his guilty plea precludes appellate review of the contention that his plea was not knowingly, intelligently and voluntarily entered (*see, People v Lopez*, 71 NY2d 662, 665; *People v Hayes*, 208 AD2d 1054, *lv denied* 85 NY2d 910; *People v Espinal*, 176 AD2d 417). In any event, our review of the proceedings in County Court offers no support for defendant's claims that his lack of education, inability to communicate with his counsel, confusion or any other disability or condition prevented him from knowingly, intelligently and voluntarily entering a plea of guilty and waiving his right to appeal. Rather, the record demonstrates an unwavering pattern of duplicity on defendant's part wherein he doggedly attempts to pursue his CPL 30.30 claim without giving up his advantageous plea bargain. At the time of sentencing, defendant's tactics escalated into a transparent effort to impair the record with comments such as "How could I go to trial," "I have no choice but to accept," and "I cannot go to trial, because the lawyers said they cannot answer the questions that I ask them, because they say they don't know." Notwithstanding these and other similar remarks by defendant, we perceive no valid basis for a finding that defendant's plea of guilty or the waiver of his right to appeal were not properly received or, once given, should have been vacated. Accordingly, the waiver of appeal will be enforced (*see, People v Sledge*, 195 AD2d 713, *lv denied* 82 NY2d 903).

Defendant's remaining contentions have been considered and found lacking in merit.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.