■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GINA BERTHIAUME, Appellant. [660 NYS2d 68] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Mazzone, J.), rendered November 15, 1994, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Following her sale of cocaine to undercover police officers, defendant was charged with various drug-related crimes. She pleaded guilty to the crime of criminal sale of a controlled substance in the third degree in full satisfaction of the indictment and was sentenced to 3 to 9 years in prison. On appeal, defendant contends that her guilty plea was not knowing, intelligent and voluntary and that the sentence was harsh and excessive.

Initially, defendant's failure to move to withdraw her guilty plea or to vacate the judgment of conviction precludes our review of her contention that her guilty plea was not knowingly, intelligently and voluntarily entered (*see, People v Rojas,* 238 AD2d 727, 729; *People v Battiste,* 238 AD2d 724, 724-725). Nevertheless, were we to consider this claim, we would find it to be without merit. During plea negotiations, the prosecution made it clear that the offer was a plea of guilty to the top count of the indictment with 3 to 9 years in prison and that the recommended sentence might improve if defendant cooperated with the vice squad. No promises were made that the sentence would definitely be reduced. Defendant agreed to the plea bargain as communicated by the prosecution and was advised by County Court that the sentence imposed could be more severe depending upon the outcome of her presentence report. Although defendant expressed her disappointment at sentencing with the fact that the sentence was not reduced because the vice squad evidently did not contact her to obtain her assistance, we do not find that this renders her guilty plea involuntary (*see, e.g., People v Berezansky,* 229 AD2d 768, 769, *lv denied* 89 NY2d 919).

To the contrary, our review of the transcript of the plea al-

locution discloses that County Court explained to defendant the ramifications of pleading guilty, including the many rights she would be waiving by doing so. Defendant responded that she understood the court's admonitions, that she wished to plead guilty of her own free will and was not coerced or threatened into doing so and that she was not under the influence of drugs or alcohol. In view of this, we find that defendant's guilty plea was knowing, voluntary and intelligent (*see, People v Battiste, supra,* at 725; *People v Nardi,* 232 AD2d 673, 674, *lv denied* 89 NY2d 927; *People v Berezansky, supra,* at 769-770). Although defendant's waiver of her right to appeal precludes her from challenging the sentence (*see, People v Galarza,* 237 AD2d 817, 818), we nevertheless do not find that it is harsh or excessive given defendant's criminal history and that she agreed to the sentence as part of the plea bargain (*see, People v Nardi, supra,* at 674).

Mikoll, J. P., Crew III, White and Yesawich·Jr., JJ., concur. Ordered that the judgment is affirmed.