■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. PARTRIDGE, JR., Appellant. [662 NYS2d 605] —Carpinello, J. Appeals (1) from a judgment of the County Court of Delaware County (Estes, J.), rendered January 2, 1996, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree (two counts), grand larceny in the third degree, grand larceny in the fourth degree, criminal possession of a weapon in the fourth degree and criminal possession of a controlled substance in the seventh degree, and (2) from an order of said court, entered October 26, 1996, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In satisfaction of two pending indictments, defendant pleaded guilty to the crimes of burglary in the third degree (two counts), grand larceny in the third degree, grand larceny in the fourth degree, criminal possession of a weapon in the fourth degree and criminal possession of a controlled substance

in the seventh degree. Defendant was sentenced in accordance with the plea agreement as a second felony offender to an aggregate prison term of 4 to 8 years. Subsequently, County Court denied defendant's CPL 440.10 motion to vacate the judgment of conviction, without a hearing. Defendant now appeals.

We reject defendant's challenge to the sufficiency of his plea in connection with the crimes of criminal possession of a weapon and criminal possession of a controlled substance. Contrary to defendant's contention, he was not required to personally recite the facts underlying his crimes (*see, People v Kinch*, 237 AD2d 830). Moreover, given defendant's affirmative response to County Court's reading of the charges as contained in the indictment, his admission that the controlled substance was heroin and the absence of any indication in the record that the plea was baseless or improvident, we find the plea allocution pertaining to said charges to be sufficient (*see, People v La Boy*, 152 AD2d 866; *People v Everett*, 146 AD2d 950).

We find defendant's contention that the sentence imposed, an aggregate prison term of 4 to 8 years, was illegal to be without merit. Defendant was sentenced, *inter alia*, to consecutive prison terms of 2 to 4 years pursuant to separate convictions of burglary in the third degree, thereby resulting in an appropriate aggregate sentence of 4 to 8 years. In addition, we find the agreed-upon sentence to be neither harsh nor excessive in light of defendant's extensive criminal history and find no reason to disturb it in the interest of justice, despite the fact that his terminal illness was unknown to County Court (*see, People v Shuman*, 213 AD2d 902, *lv denied* 86 NY2d 741).

Finally, we are unpersuaded that County Court abused its discretion in denying defendant's CPL article 440 motion without a hearing inasmuch as the issues raised in defendant's moving papers—ineffective assistance of counsel, coercion, off-the-record promises and the erroneous status of his health— could be decided on the basis of the record and he has failed to set forth facts sufficient to demonstrate his entitlement to relief (*see, People v Alstin*, 239 AD2d 790; *People v Williams*, 237 AD2d 644).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment and order are affirmed.