■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN G. RYAN, Appellant. [663 NYS2d 312] —White, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered September 9, 1996, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

In satisfaction of a superior court information charging him with various theft-related crimes, defendant pleaded guilty to the crime of burglary in the third degree in connection with his unlawful entry into a jewelry store and removal of approximately $16,000 worth of jewelry. As part of his guilty plea, defendant waived his right to appeal all issues except

those related to his sentence. He was sentenced as a second felony offender to a prison term of 3½ to 7 years.

On appeal, defendant contends, *inter alia*, that during the plea allocution County Court failed to adequately inquire as to his intent to commit the crime to which he pleaded guilty so as to insure a knowing, voluntary and intelligent guilty plea. In particular, defendant claims that he was under the influence of drugs and alcohol at the time of committing the subject crime and, therefore, he did not possess the intent necessary to support a plea of guilty to the crime of burglary in the third degree.

Initially, inasmuch as defendant failed to move to vacate the judgment of conviction or to withdraw his plea of guilty, he may not challenge the sufficiency of his guilty plea on appeal (*see, People v Sloan*, 228 AD2d 976, *lv denied* 88 NY2d 994; *People v Sanchez*, 224 AD2d 782). Nevertheless, were we to consider this claim, we would find it to be without merit. Our review of the transcript of the plea allocution discloses that defendant entered a knowing, voluntary and intelligent plea of guilty and waiver of right to appeal following sufficient inquiry by County Court (*see, People v Sloan, supra; see also, People v Brown*, 188 AD2d 414, *lv denied* 81 NY2d 837). Neither defendant nor his attorney raised the issue of defendant's drug and or alcohol addiction as a defense to the crimes charged during the plea proceedings and defendant specifically denied having taken any drugs or consumed any alcoholic beverages. County Court advised defendant of the ramifications of pleading guilty, including the rights he would be waiving by doing so, and defendant indicated that he fully understood the court's admonitions. Defendant further stated that he wished to plead guilty of his own free will, was not threatened or coerced into entering into such a plea and was not under the influence of drugs or alcohol at the time of making the plea. Defendant proceeded to plead guilty to all of the elements of the crime of burglary in the third degree as stated in the superior court information. In view of this, we find no reason to disturb the judgment of conviction. We have considered defendant's remaining contentions and find them to be unavailing.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.