(October 30, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY DEWER, Appellant. [663 NYS2d 425] —Mercure, J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered January 25, 1994, convicting defendant upon his plea of guilty of the crimes of assault in the second degree (two counts) and attempted murder in the second degree.

While an inmate at a State correctional facility, defendant was charged in separate indictments with, *inter alia*, assault and attempted murder in the first degree stemming from attacks on correction officers at the facility. The proceedings were delayed due to the results of a mental health evaluation finding that defendant lacked the capacity to understand the proceedings against him. Following a subsequent psychiatric evaluation establishing his competence to proceed, defendant entered a plea of guilty to two counts of assault in the second degree in full satisfaction of the first indictment and to attempted murder in the second degree in full satisfaction of the second indictment. The pleas were entered with the express understanding that defendant would waive his right to appeal. At sentencing, County Court denied defense counsel's request for an additional mental competency hearing and sentenced defendant as a second felony offender in accordance with the plea agreements.

Contrary to defendant's contention on appeal, we conclude that defendant entered a knowing, intelligent and voluntary guilty plea and waiver of appeal (*see, People v Williams*, 237 AD2d 644, 645, *lv denied* 90 NY2d 866). Defendant behaved and responded appropriately during the court proceedings. He acknowledged that he had not taken any drugs or medication, that he was in good health, that he understood the proceedings and that he wished to plead guilty. He also acknowledged that he understood the ramifications of his plea and waiver of his right to appeal and that he was entering the guilty plea voluntarily.

Inasmuch as a guilty plea "removes the issue of factual guilt from a case" such as "the factual elements of the crime charged" (*People v Taylor*, 65 NY2d 1, 5), we find that defendant's challenge to the sufficiency of his plea to the second count of assault in the second degree has been waived (*see, People v Hill*, 220 AD2d 905, 906). In any event, the fact that the plea allocution did not establish every element of the second count of assault in the second degree (*see, People v Moore*, 71 NY2d 1002, 1005; *People v Everett*, 146 AD2d 950; *People v Langhorn*, 119 AD2d 844, *lv denied* 68 NY2d 758) or defendant's inability to recall the events completely (*see, People v Hall-Mizrahi*, 238 AD2d 627) did not negate the propriety of defendant's plea.

Additionally, contrary to defendant's contention, there is no requirement that a defendant personally recite all of the elements constituting the underlying crime charged (*see, People v Kinch*, 237 AD2d 830, *lv denied* 90 NY2d 860). Nor do we find that County Court abused its discretion in denying defense counsel's request at sentencing for a further mental competency examination of defendant (*see, e.g., People v Planty*, 238 AD2d 806, 807, *lv denied* 89 NY2d 1098). Despite defendant's reluctance to respond to County Court's inquiries at sentencing, the court noted that defendant did respond to its instructions to stand. Furthermore, evidence in the record revealed that defendant had previously used such tactics to delay court proceedings.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.