■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE JACKSON, JR., Appellant. [667 NYS2d 133] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered March 25, 1996, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

On July 17, 1995, defendant was charged in a nine-count indictment with, among other crimes, burglary in the first degree, assault in the second degree and robbery in the second degree. Pursuant to CPL 710.30, the People notified defendant of their intent to offer oral and written statements made by him. Subsequently, a superseding 13-count indictment was filed against defendant stemming from the same incident. The People served defendant with a CPL 710.30 notice indicating that in addition to offering his oral and written statements, the People intended to introduce identification testimony.

Defendant moved, *inter alia,* to preclude the introduction of the identification testimony on the ground that the People were attempting to circumvent the requirements of CPL 710.30 and gained an unfair tactical advantage by not notifying defendant of the intent to use such evidence until the service of the second indictment. County Court, *inter alia,* denied defendant's motion regarding the CPL 710.30 notice. Thereafter, defendant pleaded guilty to robbery in the second degree and was sentenced as a second felony offender to a prison term of 7½ to 15 years. Defendant appeals.

Upon our review of the record, we would conclude that defendant entered a knowing, voluntary and intelligent plea and waiver of appeal. During the plea allocution, defendant acknowledged that he understood the proceedings, that he wished to plead guilty of his own free will and that he understood the consequences of his waiver of his right to appeal (*see, People v Comer,* 236 AD2d 658, *lv denied* 89 NY2d 1090). Contrary to defendant's contention, there is no requirement·that a defendant personally recite the elements constituting the underlying crime charged (*see, People v Dewer,* 243 AD2d 984; *People v Kinch,* 237 AD2d 830, 831, *lv denied* 90 NY2d 860).

In addition, by pleading guilty defendant forfeited his right to appellate review of his claim regarding the People's compliance with the notice requirements of CPL 710.30 (*see, People v Taylor,* 65 NY2d 1; *People v Flakes,* 240 AD2d 428; *People v*

*Hardy*, 187 AD2d 810, 812; *People v Collins*, 156 AD2d 786, *lv denied* 75 NY2d 867). Even if preserved for our review, we would find that the indictment was properly filed (*see*, CPL 200.80) and that the record establishes that defendant filed new pretrial motions; therefore, there was "no delay in the order and speed of the pretrial motion * * * caused by the People's service of the CPL 710.30 notice at the time of the arraignment on the second indictment" (*People v Littlejohn*, 184 AD2d 790, 791, *lv denied* 81 NY2d 842).

Nor do we find that the agreed-upon sentence was harsh or excessive under the circumstances presented here, especially in light of defendant's criminal history (*see*, *People v Mitchell*, 243 AD2d 1005, 1006).

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.