■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY SMITH, Appellant. [669 NYS2d 986] —Peters, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered December 10, 1996, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and burglary in the second degree.

Defendant pleaded guilty to the crimes of assault in the second degree and burglary in the second degree in satisfaction of a three-count indictment. The charges stemmed from an incident wherein defendant broke into his estranged wife's home and assaulted her causing serious physical injury to her face. In accordance with a plea agreement, defendant was sentenced as a second felony offender to concurrent determinate prison terms of five years for the assault conviction and nine years for the burglary conviction. Defendant appeals, contending, *inter alia*, that his plea was not knowing and voluntary because he was denied the effective assistance of counsel.

Initially, we note that defendant failed to move to withdraw his plea or vacate the judgment of conviction and, therefore, has failed to preserve his challenge to the voluntariness of his plea or the effective assistance of counsel for our review (*see, People v Johnson,* 243 AD2d 997, 998-999; *People v Lesame,* 239 AD2d 801, *lv denied* 90 NY2d 941). Nevertheless, were we to consider defendant's contentions we would find them to be without merit.

Although various attorneys from the Public Defender's office appeared on defendant's behalf, viewed in totality and as of the time of representation, the record establishes that defendant was provided with meaningful representation (*see, People v Murphy,* 243 AD2d 954, 955; *People v Foote,* 228 AD2d 720). To the extent that defendant contends in his *pro se* brief that defense counsel failed to investigate relevant information, we note that when questioned by County Court during the plea allocution about the representation he received, defendant acknowledged that he was satisfied with the representation he received and that there was nothing defense counsel failed to investigate on his behalf.

Similarly, the record reflects that defendant entered a knowing, voluntary and intelligent plea of guilty. During the initial plea proceeding, defendant indicated to County Court that he had no choice but to plead guilty, whereupon the court refused to accept defendant's guilty plea. After consulting with defense counsel, defendant indicated to the court his desire to plead guilty. Thereafter, County Court conducted a thorough and extensive plea colloquy, during which defendant acknowledged that he was entering the guilty plea of his own free will and understood the ramifications thereof (*see, People v Jackson,* 245 AD2d 964). Contrary to defendant's contention, there is no requirement that he personally recite the facts constituting the underlying crimes charged (*see, id.*).

Finally, given defendant's voluntary waiver of his right to appeal as part of the plea agreement, his remaining contentions, including his assertion that his sentence was harsh and excessive, are unpreserved for our review and, in any event, are without merit.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.