■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN F. HADSELL, Appellant. [671 NYS2d 553] —Spain, J. Appeals (1) from a judgment of the County Court of Schoharie County (Czajka, J.), rendered September 6, 1996, convicting defendant upon his plea of guilty of the crimes of attempted murder in the second degree and reckless endangerment in the first degree (two counts), and (2) by permission, from an order of said court, entered October 29, 1996, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted for the crimes of attempted murder in the second degree (four counts), reckless endangerment in the first degree (four counts), criminal use of a firearm in the first degree, criminal mischief in the fourth degree and assault in the third degree. The charges arose out of an incident in which it was alleged that defendant fired five shotgun blasts into the door of a neighbor's apartment where his wife ran with their child after he threatened to kill her. Initially, defendant accepted an offer to enter a guilty plea to a portion of the original charges in full satisfaction of the indictment; however, County Court rejected his plea after defendant claimed that he was unable, due to his intoxication at the time of the alleged crime, to remember what his intentions were when he fired the shotgun. Thereafter, evidently satisfied with defendant's un-

equivocal acknowledgment of his intent to kill his wife at the time of the incident, County Court accepted defendant's guilty plea to the crimes of attempted murder in the second degree and reckless endangerment in the first degree (two counts) in exchange for the People's and defendant's joint recommendation of a sentence of imprisonment of 3 to 9 years. Defendant was then sentenced to concurrent prison terms of 5 to 15 years on the attempted murder conviction and 2⅓ to 7 years on each of the reckless endangerment convictions, with the sentences to run concurrently. Defendant appeals from the judgment of conviction; he also moved in County Court to vacate the judgment of conviction, asserting that his plea "was procured by duress, misrepresentation or fraud on the part of the court" (CPL 440.10 [1] [b]). County Court denied the motion and, by permission of this Court, defendant also appeals that order.

We affirm. There is no support in the record for defendant's contentions that his plea was coerced, that he was wrongfully informed with respect to the defense of intoxication, or that County Court erred by reneging on its alleged promise to sentence defendant to 3 to 9 years. Our review of the record reveals that County Court explained to defendant all of the rights he was giving up, including the right to remain silent, the right to a trial at which the prosecution would have to prove guilt beyond a reasonable doubt, the right to cross-examine and present witnesses, the right to a hearing to determine the admissibility of his statements and the admissibility of prior bad acts, and the right to assert defenses (*see, People v Berthiaume*, 240 AD2d 953, 953-954; *People v Battiste*, 238 AD2d 724, *lv denied* 90 NY2d 901). Defendant was also questioned regarding the voluntariness of his plea, whether the plea was procured by undue force, whether he was threatened into accepting the plea bargain and whether anyone had promised him anything in exchange for his plea (*see, People v Marrero*, 242 AD2d 800; *People v Berthiaume, supra*, at 953; *People v Battiste, supra*).

County Court correctly informed defendant that although voluntary intoxication was not a defense to any of the crimes charged, voluntary intoxication could negate an element of one or more of said crimes (*see, People v Shock*, 152 AD2d 821, 822, *lv denied* 74 NY2d 852). Notably, defendant informed the court that he was satisfied with his counsel's performance. In response to County Court's inquiry regarding the element of intent, defendant stated, "I was intending to kill her." Clearly, this admission satisfied a key element of the crime of attempted murder in the second degree (*see*, Penal Law §§ 110.00, 125.25;

*People v Partridge*, 242 AD2d 788; *People v La Boy*, 152 AD2d 866; *People v Everett*, 146 AD2d 950). Defendant's answers to County Court's inquiries support the conclusion that defendant knowingly, voluntarily and intelligently entered into the plea agreement.

The record also belies defendant's contention that County Court erred in failing to abide by an alleged commitment to sentence defendant to 3 to 9 years. The record reflects that County Court advised defendant that it would "strongly consider" the joint recommendation and defense counsel stated on the record that the court was not bound by the recommendation. County Court never agreed to bind itself to the sentence recommendation; rather, it informed defendant that a higher sentence could be imposed (*compare, People v Walker*, 228 AD2d 798, 799-800, *lv denied* 88 NY2d 1072).

Next, we conclude that County Court properly denied defendant's motion to vacate the judgment of conviction without a hearing. Once again, defendant's contention that his plea was "procured by duress, misrepresentation or fraud on the part of the court or a prosecutor" (CPL 440.10 [1] [b]) is not supported in the record, which amply supports the conclusion that, despite the possibility of a sentence higher than that recommended, defendant nevertheless chose to plead guilty and was not coerced into doing so.

We have considered and reject defendant's remaining contention that he was denied effective assistance of counsel.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.