■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO J. SNOW, Appellant. [679 NYS2d 161] —Graffeo, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered January 17, 1997, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to the crime of criminal sale of a controlled substance in the third degree as a result of an incident wherein he sold a plastic bag containing cocaine to an undercover police officer for $50. In accordance with the plea agreement, defendant was sentenced to a prison term of 4½ to 9 years as a second felony offender. Arguing that County Court erred by accepting his guilty plea, defendant appeals.

During the plea allocution, defendant stated that he had been acting as a "go-between" during the transaction and was acting on behalf of the buyer. Unsatisfied with that allocution, County Court explained that if defendant was claiming that he was acting on behalf of the buyer, he should proceed to trial with an agency defense. Defendant, however, adamantly expressed that he did not want to go to trial and he specifically waived any possible agency defense. Unconvinced that defendant understood what he was pleading to, the court permitted defendant to confer with his counsel. After a brief conference with his attorney, defendant explained that he had in fact acted on behalf of the seller of the cocaine. Defendant stated that he knew he was selling cocaine and that it was illegal to do so.

Essentially, defendant now argues that he did not enter into his plea knowingly because he did not understand that he had

a possible agency defense to pursue or what such a defense meant. Failing to challenge his plea by a motion to withdraw his plea or vacate the judgment of conviction, defendant has failed to preserve this issue (*see*, CPL 220.60; *see also*, *People v Lopez*, 71 NY2d 662, 666; *People v Smith*, 248 AD2d 891; *People v Jones*, 240 AD2d 950, 951, *lv denied* 91 NY2d 875; *People v Fredericks [Fredricks]*, 235 AD2d 254, *lvs denied* 89 NY2d 1011). In any event, we are satisfied that defendant knowingly, intelligently and voluntarily entered his plea of guilty and was sentenced in accordance with the plea agreement (*see*, *People v Berthiaume*, 240 AD2d 953; *People v Battiste*, 238 AD2d 724, *lv denied* 90 NY2d 901). The record clearly shows that County Court took substantial efforts to ensure that defendant understood what he was pleading to and that he would be waiving the right to raise certain defenses at trial by pleading guilty (*see*, *People v Costanza*, 244 AD2d 988).

Mercure, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.