■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARISMENDIS HERNANDEZ, Appellant. [694 NYS2d 257] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal

sale of a controlled substance in the second degree (Penal Law § 220.41). Defendant did not move to withdraw the guilty plea or to vacate the judgment of conviction. Thus, he failed to preserve for our review his challenge to the sufficiency of the plea allocution (*see, People v Lopez*, 71 NY2d 662, 665; *People v Hill*, 254 AD2d 726, *lv denied* 92 NY2d 1050). We reject defendant's contention that this is one of those rare cases where the plea allocution "clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez, supra,* at 666). "[T]he fact that the plea allocution did not establish every element of the [crime] * * * did not negate the propriety of defendant's plea" (*People v Dewer*, 243 AD2d 984, 985, *lv denied* 91 NY2d 925; *see also, People v Jackson*, 245 AD2d 964, *lv denied* 91 NY2d 926). Finally, defendant's waiver of the right to appeal encompassed defendant's right to challenge the sentence as unduly harsh or severe (*see, People v Hidalgo*, 91 NY2d 733; *People v Watkins*, 261 AD2d 962). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.