■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE R. LOPEZ, Appellant. [836 NYS2d 336]—

Crew III, J.P. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered November 29, 2004, convicting defendant upon his plea of guilty of the crimes of gang assault in the first degree and manslaughter in the first degree.

Defendant, together with five other individuals, attacked and severely beat a young man, ultimately resulting in his death. Consequently, defendant was indicted and charged with murder in the second degree, manslaughter in the first degree and gang assault in the first degree. In accordance with a negotiated plea agreement, defendant pleaded guilty to manslaughter in the first degree and gang assault in the first degree and waived his right to appeal in exchange for a determinate sentence of imprisonment of 24 years on each charge, to be served concurrently, followed by five years of postrelease supervision. Defendant now appeals.

Defendant first asserts that his plea was not knowingly, intelligently and voluntarily made. Initially, we note that this claim has not been preserved for our review inasmuch as defendant failed to move to withdraw his plea or vacate the judgment of conviction (*see e.g. People v Graham*, 35 AD3d 1039 [2006]). Moreover, if we were to entertain defendant's assertion, we would find it wholly without merit. The record reveals that County Court engaged defendant in a lengthy colloquy wherein it explained defendant's rights in detail and ascertained that defendant was entering the plea agreement freely and voluntarily. Additionally, the written plea agreement signed by defendant specifically provided that he was "freely, voluntarily and knowingly agreeing to the terms and conditions [thereof] by signing his name" and further provided that defendant had conferred with counsel prior to signing the agreement.

Likewise, defendant's contention that he did not receive the effective assistance of counsel is not preserved for our review by reason of his failure to move to withdraw his plea or vacate the judgment of conviction (*see e.g. People v McKoy*, 303 AD2d 842, 842-843 [2003], *lv denied* 100 NY2d 564 [2003]). Again, were we to address defendant's contention, we would find it to be without merit. Counsel secured a particularly advantageous plea arrangement on defendant's behalf, and we find nothing in the record that casts doubt upon counsel's effectiveness. Finally, defendant's waiver of the right to appeal forecloses his claim that the sentences were harsh and excessive (*see People v Alexander*, 31 AD3d 885, 886 [2006]).

Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.