■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WATTIE FOLK, Appellant. [842 NYS2d 108]—

Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered May 26, 2006, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, a prison inmate, was indicted on one count of promoting prison contraband in the first degree. While that charge was pending, a second indictment was handed up against defendant charging him with another count of promoting prison contraband in the first degree. Defendant subsequently pleaded guilty to a lesser count of attempted promoting prison contraband in the first degree in satisfaction of both indictments and was sentenced in accordance with the plea agreement to a prison term of 1½ to 3 years, to run consecutive to the term of incarceration he was already serving. Defendant now appeals, arguing that his plea was not voluntary.

As an initial matter, defendant's failure to move to withdraw his plea or to vacate the judgment of conviction renders his challenge to the voluntariness of his plea unpreserved for our review (*see People v Wilson*, 16 AD3d 781, 781 [2005]; *People v Soto*, 259 AD2d 904, 904 [1999]; *People v Santos*, 247 AD2d 651, 651 [1998], *lv denied* 92 NY2d 905 [1998]). In any event, were we to consider it, we would find defendant's argument to be without merit.

It is well settled that " 'trial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea in which defendant waives a plethora of rights' " (*People v Whitehurst*, 291 AD2d 83, 86 [2002], *lv denied* 98 NY2d 642 [2002], quoting *People v Moissett*, 76 NY2d 909, 910-911 [1990]). Here, we find that County Court adequately apprised defendant of the ramifications of his guilty plea and that defendant expressed his understanding of the same (*see People v Cherry*, 12 AD3d 949, 949 [2004], *lv denied* 4 NY3d 797 [2005]; *People v Soto*, 259 AD2d at 904-905; *People v Martinez*, 243 AD2d 923, 924-925 [1997]; *People v Berthiaume*, 240 AD2d 953, 953-954 [1997]; *People v Battiste*, 238 AD2d 724, 725 [1997], *lv denied* 90 NY2d 901 [1997]). In particular, the failure of County Court to inform defendant that the plea may subject him to an enhanced sentence in the future did not impact its validity (*see People v August*, 33 AD3d 1046, 1050 [2006], *lv denied* 8 NY3d 878 [2007]). In short, we are satisfied that defendant's plea was knowingly, intelligently and voluntarily made. Furthermore, in light of the foregoing we also find defendant's federal due process argument to be unpersuasive (*see generally People v Harris*, 61 NY2d 9, 17-21 [1983]).

Defendant's remaining contentions have been considered and found to be without merit.

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.