■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR NASCIMENTO, Appellant. [850 NYS2d 667]—

Mercure, J.P. Appeal from a judgment of the County Court of Washington County (Hall, J.), rendered February 8, 2005, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

In satisfaction of a four-count indictment, defendant pleaded guilty to burglary in the first degree. County Court thereafter sentenced defendant in accordance with the negotiated plea agreement to an eight-year prison term to be followed by five years of postrelease supervision. Defendant now appeals.

We affirm. Initially, we note that defendant's claim that he did not enter his guilty plea knowingly and voluntarily has not been preserved for our review inasmuch as defendant never moved to withdraw his plea or vacate the judgment of conviction (*see People v Lopez*, 40 AD3d 1276, 1276 [2007]; *People v Lewis*, 39 AD3d 1025, 1025-1026 [2007]). In any event, defendant's plea was knowingly, intelligently and voluntarily made inasmuch as County Court sufficiently advised him of the consequences of his plea and he freely admitted to facts which established the elements of the crime (*see People v Escalante*, 16 AD3d 984, 985 [2005], *lv denied* 5 NY3d 788 [2005]; *People v Cherry*, 12 AD3d 949, 949 [2004], *lv denied* 4 NY3d 797 [2005]).

Defendant's particular contention that his plea was defective because County Court did not explicitly inform him that he was forgoing the possibility of *Sandoval* and *Ventimiglia* hearings is unavailing (*see People v Whitehurst*, 291 AD2d 83, 86 [2002], *lv denied* 98 NY2d 642 [2002]), as is his assertion that the failure of County Court to inform him that his plea may subject him to an enhanced sentence on the occasion of a future conviction impacted the validity of his plea (*see People v Folk*, 43 AD3d 1229, 1230 [2007]; *People v August*, 33 AD3d 1046, 1050 [2006], *lv denied* 8 NY3d 878 [2007]). Moreover, County Court properly inquired whether defendant was aware of a potential intoxication defense and was voluntarily waiving such defense by his guilty plea (*see People v Munch*, 278 AD2d 662, 662-663 [2000]; *People v Moore*, 270 AD2d 715, 716 [2000], *lv denied* 95 NY2d 800 [2000]). In light of these findings, we also reject defendant's federal due process claims (*see People v Folk*, 43 AD3d at 1230).

Peters, Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.