■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK S. RICHARDS, Appellant. [674 NYS2d 781] —Yesawich Jr., J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 3, 1997, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

As a result of an altercation in which he struck another man with a baseball bat, defendant, who was on probation at the

---

time for a previous felony conviction, was charged with assault in the second degree. He thereafter pleaded guilty to attempted assault in the second degree, in exchange for a promised prison sentence of 2 to 4 years. Prior to sentencing, however, defendant moved, *pro se*, to withdraw his plea, arguing that he had been misled by his attorney with respect to the viability of a justification defense and that the victim's medical reports constituted "new evidence", because they revealed that the latter had provided his doctors with a different version of the incident than that contained in his supporting deposition.

After assigning new counsel to assist defendant with this motion and hearing argument thereon, County Court denied defendant's request and sentenced him as previously agreed. Defendant appeals.

In denying defendant's motion, County Court did not abuse its discretion (*see*, *People v Hunter*, 246 AD2d 913, 914; *People v Cance*, 155 AD2d 764). During the plea allocution, defendant was fully apprised of, and accepted, the consequences that would flow from his guilty plea, including the waiver of all factual defenses. When his recitation of the events underlying the charge suggested a potential justification defense, County Court brought this fact to defendant's attention, and defendant responded that he was aware of the defense, had discussed it with counsel and had decided nevertheless to accept the plea bargain. He also stated that he was satisfied with his attorney's representation, and that he was pleading guilty voluntarily and without coercion. In sum, the record provides ample grounds for County Court's rejection of defendant's contention that he pleaded guilty only because he had not been properly counseled with respect to the likelihood of prevailing at trial on the basis of a justification defense (*see*, *People v Billingsley*, 54 NY2d 960, 961), or that he was otherwise deprived of effective representation (*see*, *People v Chevalier*, 226 AD2d 925, 929, *lv denied* 88 NY2d 934).

Equally unavailing is defendant's suggestion that he should have been permitted to withdraw his plea due to his late receipt of the victim's medical reports. While those reports arguably cast some doubt upon the veracity of the victim's other sworn statement detailing his confrontation with defendant, this potential impeachment material is insufficient, without more, to justify the relief sought (*see*, *People v Fridell*, 93 AD2d 866; *cf.*, *People v Jones*, 44 NY2d 76, 81, *cert denied* 439 US 846; *People v Grady*, 110 AD2d 780, 780-781).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.