■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MINGUES, Appellant. [681 NYS2d 802] —Crew III, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered October 4, 1996, convicting defendant upon his plea of guilty of two counts of the crime of grand larceny in the third degree.

On May 31, 1996, defendant pleaded guilty to a superior court information charging him with two counts of grand larceny in the third degree and waived his right to appeal. Thereafter, and prior to sentencing, defendant moved, *pro se*, to withdraw his plea on the grounds that it was the product of duress and coercion and, further, that he was denied effective assistance of counsel. Following appointment of new counsel an evidentiary hearing was held, after which County Court denied the motion and sentenced defendant in accordance with the plea agreement as a second felony offender to two concurrent prison terms of 3½ to 7 years.

At the outset, we note that while defendant's waiver of his right to appeal does not preclude judicial review of the voluntariness of his plea (*see, People v Marziale*, 182 AD2d 1035, 1036, *lv denied* 80 NY2d 835), it does preclude review of his alleged denial of his right to the effective assistance of counsel except insofar as the alleged ineffectiveness impacted the voluntary nature of his plea (*see, People v Conyers*, 227 AD2d 793, *lv denied* 88 NY2d 982). Our review of the record reveals nothing to support defendant's claim that his plea was rendered involuntary by defense counsel's conduct, nor are we persuaded that defendant's newly assigned counsel for the hearing failed to provide him with meaningful representation. Accordingly, defendant's conviction must be affirmed.

Mikoll, J. P., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.