■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOUSSAINT FERNANDEZ, Appellant. [696 NYS2d 242] —Cardona, P. J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered December 4, 1997, convicting defendant upon his plea of guilty of the crimes of attempted robbery in the first degree and conspiracy in the fourth degree.

In May 1995, defendant was indicted on one count of robbery in the first degree and three counts of attempted robbery in the first degree stemming from the August 1, 1993 gunpoint robbery of Begie's, a tavern located in the City of Binghamton, Broome County. Defendant was also charged in a felony complaint (subsequently replaced by a superior court information) with the crime of conspiracy in the fourth degree. That complaint alleged that defendant also planned the armed robbery of Vanscoy's Diamond Mine, a jewelry store, located in the Town of Vestal, Broome County, which occurred on August 2,

1993. Following denial of his suppression motions in November 1995, defendant entered into plea negotiations with the People. In late November, defendant, with his attorney present, gave a sworn deposition describing in detail his involvement in the two armed robberies. Thereafter, on December 4, 1995, defendant pleaded guilty in County Court (Mathews, J.) to attempted robbery in the first degree and conspiracy in the fourth degree in full satisfaction of all charges. In exchange for his promise to cooperate with law enforcement authorities in the prosecution of his codefendants in both robberies, defendant was promised a prison sentence not to exceed 3 to 6 years which would run concurrently with an unrelated sentence. Defendant failed to fully cooperate. In December 1996 and again in August 1997, defendant moved to withdraw his guilty plea. Following a hearing held in August 1997, County Court (Smith, J.) denied defendant's applications. In December 1997, defendant was sentenced, as a second felony offender, to prison terms of $7^{1}/_{2}$ to 15 years on the attempted robbery conviction and 2 to 4 years on the conspiracy conviction, to be served consecutively with each other and consecutive to the unrelated indeterminate sentence.

Initially, defendant contends that the plea allocution was defective because County Court did not conduct a sufficient inquiry into the underlying facts. Our examination of the record reveals that County Court specifically reviewed the dates, locations, and defendant's actions with respect to each charge. Additionally, defendant reaffirmed the truthfulness of his prior sworn deposition which County Court made part of the record. Between the plea colloquy and the sworn deposition, defendant admitted sufficient facts to establish his guilt to both crimes.

Furthermore, County Court specifically advised defendant that his guilty plea would result in the forfeiture of his trial rights and cautioned defendant that failure to cooperate with the District Attorney would expose him to maximum sentences on the crimes to which he was pleading guilty and the sentences could run consecutively. Defendant stated that he understood. He acknowledged that he was not coerced into pleading guilty, that no promises had been made to him beyond those which formed the basis for the plea bargain and that he had discussed the plea and its consequences with his attorney (*see, People v Martin*, 239 AD2d 800, 801, *lv denied* 90 NY2d 941). Under these circumstances, we find defendant entered a knowing, voluntary and intelligent plea of guilty following sufficient inquiry by County Court (*see, People v Ryan*, 243 AD2d 869; *see also, People v Sloan*, 228 AD2d 976, *lv denied*

88 NY2d 994; *People v Brown*, 188 AD2d 414, *lv denied* 81 NY2d 837).

Next, defendant contends that he was deprived of his constitutional right to represent himself. "A criminal defendant may be permitted to proceed *pro se* if the request is timely and unequivocal, there has been a knowing and intelligent waiver of the right to counsel, and the defendant has not engaged in conduct which would interfere with a fair and orderly trial" (*People v Neish*, 232 AD2d 744, 746, *lv denied* 89 NY2d 927; *see, People v Ryan*, 82 NY2d 497, 507; *People v McIntyre*, 36 NY2d 10, 17). Here, although the record discloses that defendant at various times considered aloud whether to represent himself when not satisfied with one of his attorneys, he never made an unequivocal request to his attorney or County Court to proceed *pro se*.

Defendant also contends that he was deprived of the effective assistance of counsel because his first attorney failed to file a motion to permit him to represent himself and provide him with "all of the evidence pertinent to the case" prior to his plea. As noted above, absent communication of an unequivocal request for self-representation, defendant's first attorney was under no obligation to file such a motion. Furthermore, defendant's argument that he should have been provided with certain evidence prior to his guilty plea lacks merit. The police reports referred to by defendant did not pertain to his guilt or innocence of the two robberies. Rather, they concerned subsequent police attempts to elicit defendant's cooperation, the fact that two possible prosecution witnesses were related to one another and that a third possible witness had a prior criminal history. Other than showing their use for possible impeachment purposes, which is clearly not a sufficient ground by itself to justify vacatur of the plea (*see, People v Richards*, 251 AD2d 707, 708, *lv denied* 92 NY2d 929), defendant has failed to demonstrate the evidentiary value of the reports.

Finally, considering the seriousness of defendant's crimes, his extensive prior criminal record, and the fact that he was fully apprised that he could face the maximum penalty if he failed to cooperate with the authorities, the sentence was not harsh and excessive. Moreover, finding no extraordinary circumstances, we decline to exercise our discretion to modify the sentence in the interest of justice (*see,* CPL 470.15 [6] [b]; *People v Bell*, 249 AD2d 777, 780, *lv denied* 92 NY2d 922).

We have examined defendant's remaining contentions and find that they lack merit.

Mikoll, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.