■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBIN RIVERA, Appellant. [698 NYS2d 69] —Carpinello, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 1, 1998, convicting defendant upon his plea of guilty of two counts of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of a 10-count indictment charging him with

various drug-related crimes, defendant pleaded guilty to two counts of criminal sale of a controlled substance in the third degree with the understanding that he would be sentenced to concurrent prison terms of 3⅓ to 10 years. Prior to sentencing, defendant moved *pro se* to withdraw his guilty plea alleging that it was rendered involuntary by defense counsel's coercion and various defects in the plea allocution. County Court denied the motion following a hearing and ultimately imposed the agreed-upon sentence. Defendant appeals.

Initially, defendant's failure to recite sufficient facts to establish each and every element of the pleaded to crimes during the allocution does not require invalidation of the plea, particularly since defendant admitted to all of the factual allegations underlying the crimes after they were recited by County Court and made no statement which tended to negate an essential element of the crimes (*see, People v Beuther*, 236 AD2d 661, *lv denied* 89 NY2d 1032). Moreover, our review of the record reveals no support for the proposition that defendant's plea was rendered involuntary by defense counsel's conduct or the lack of adequate time to consider the plea offer (*see, People v Mingues*, 256 AD2d 657). Rather, we find that defendant's guilty plea was knowingly, voluntarily and intelligently made. County Court provided a detailed explanation of the consequences of the plea and in response thereto defendant indicated that he understood the court's instructions, was not pressured or coerced into accepting the plea offer and wished to plead guilty despite his dissatisfaction with counsel's inability to negotiate a more lenient sentence (*see, People v Fernandez*, 263 AD2d 673; *People v Tyler*, 260 AD2d 796, *lv denied* 93 NY2d 980).

Finally, based upon defendant's open acknowledgment of guilt during the plea allocution and our review of the transcript of the hearing conducted by County Court, we perceive no reason to disturb the order denying defendant's motion to withdraw his guilty plea (*see, People v Gibson*, 261 AD2d 710).

Defendant's remaining contentions have been examined and found to be lacking in merit.

Crew III, J. P., Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.