■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROL BROOKS, Appellant. [704 NYS2d 524] —Mercure, J. P. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 6, 1998, convicting defendant upon her plea of guilty of the crimes of criminal possession of a controlled substance in the second degree (two counts) and conspiracy in the second degree.

An indictment charged defendant with conspiracy in the second degree (count one), two counts of criminal sale of a controlled substance in the first degree (counts two and four), and two counts of criminal possession of a controlled substance in the first degree (counts three and five) as the result of her participation in a conspiracy to distribute cocaine. Defendant disposed of the indictment with a counseled plea of guilty to conspiracy in the second degree, as charged in the first count,

and to counts three and five of the indictment, each as reduced to the crime of criminal possession of a controlled substance in the second degree. The guilty pleas were entered with the express understanding, stated upon the record in open court, that defendant would be sentenced to consecutive prison terms of 6 years to life and 5 years to life on the criminal possession counts, and a concurrent term of 8⅓ to 25 years on the conspiracy count. Sentenced in accordance with the plea bargain, defendant now appeals.

We affirm. The majority of defendant's arguments are unpreserved for our review by virtue of defendant's failure to move to withdraw her guilty plea or to vacate the judgment of conviction (*see, People v Mackey*, 77 NY2d 846; *People v Snow*, 253 AD2d 985, *lv denied* 93 NY2d 858) and are found to lack merit in any event. Notably, a defendant who accepts a plea bargain surrenders the right to make a subsequent challenge to the factual basis for the plea (*see, People v Rivera*, 266 AD2d 576; *People v Morelli*, 228 AD2d 818, *lv denied* 88 NY2d 990) and there was nothing in defendant's plea allocution that would have given notice of an available agency defense or otherwise cast doubt upon defendant's guilt or the voluntariness of her plea (*see, People v Thompkins*, 233 AD2d 759, 760; *cf., People v Lopez*, 71 NY2d 662, 666; *People v Ocasio*, 265 AD2d 675, 676-677).

Further, the record is devoid of evidence supporting defendant's claims of unreasonable delay in sentencing or denial of effective assistance of counsel. In the latter regard, we note that the test to be applied in the case of a guilty plea, i.e., whether there is an advantageous plea and an absence of record evidence casting doubt on the apparent effectiveness of counsel (*see, People v Ford*, 86 NY2d 397, 404), has been satisfied. As a final matter, we are not persuaded to disturb the bargained-for sentence, which was well within the applicable sentencing parameters.

Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.