■ The People of the State of New York, Respondent, v Tyrone V. Smith, Also Known as Panama, Appellant. [706 NYS2d 737] —Graffeo, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 3, 1997, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

During pretrial proceedings, the Public Defender representing defendant learned that a confidential informant who was a prospective witness for defendant's trial was also being represented by the Public Defender's office regarding three unrelated misdemeanor cases. Defense counsel immediately

informed County Court and stated on the record that he never personally represented the informant, had not met her and had no knowledge of any confidential communications involving the informant. County Court relieved the Public Defender's office from representation of the informant and defendant's trial thereafter commenced, during which defendant pleaded guilty to the charge set forth in the indictment.

Defendant appeals, contending that the Public Defender's representation of the confidential informant created an impermissible conflict of interest. Initially, because defendant waived his right to appeal and a review of the record reveals that his guilty plea was knowing, voluntary and intelligent, defendant's alleged denial of the right to effective assistance of counsel has not been preserved for review (see, People v Johnson, 267 AD2d 609, 610; People v Mingues, 256 AD2d 657, lv denied 93 NY2d 974). Were we to consider the merits in the interest of justice, we would conclude that the prior representation of the confidential informant by the Public Defender's office did not prejudice defendant or deny him effective assistance of counsel. Defendant's attorney timely informed County Court that although his office was representing the informant in unrelated matters, he had not been personally involved with the informant. The Public Defender's office was relieved of representation of the witness prior to the commencement of defendant's trial and defendant has presented no evidence suggesting that he was prejudiced. Under these circumstances, the alleged conflict is too speculative and remote to create a significant possibility of conflict of interest or render counsel's representation of defendant ineffective (see, People v Perez, 70 NY2d 773, 774; People v Lombardo, 61 NY2d 97, 103; People v Price, 144 AD2d 854, 857).

Furthermore, defendant's assertion that County Court failed to conduct an inquiry of defendant after learning of the Public Defender's representation of the potential witness would also be unavailing. Although the trial court must conduct an inquiry of a defendant whose representation is potentially affected by a conflict to ascertain whether the defendant is aware of the risks and has knowingly agreed to undertake those risks (see, People v McDonald, 68 NY2d 1, 8), we find no potential for conflict in this case. Hence, no reversible error was committed by failing to conduct such a colloquy (see, People v Perez, supra, at 773-774).

We have considered defendant's remaining contentions, including the claim that the People improperly failed to disclose witnesses prior to trial, and have found them either unpreserved for appeal or lacking in merit.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.