■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO PITTMAN, Appellant. [725 NYS2d 906] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied the motion of defendant to withdraw his plea of guilty. "[D]efendant's belated claims of coercion and ineffective assistance of counsel are flatly refuted by the record of the plea proceeding in which he knowingly and voluntarily made a complete and detailed plea allocution in the presence of competent counsel" (*People v Hall,* 195 AD2d 521, 522, *lv denied* 82 NY2d 754). Further, the alleged failure of defense counsel to effectuate defendant's right to testify before the Grand Jury or to seek dismissal of the indictment pursuant to CPL 190.50 (5) (c) does not constitute ineffective assistance of counsel under the circumstances of this case (*see, People v Hook,* 246 AD2d 470, *lv denied* 92 NY2d 853; *see also, People v Wiggins,* 89 NY2d 872, 873). Nor is vacatur of the plea warranted because of defense counsel's alleged failure to disclose to defendant the

police reports and related documents provided by the prosecution pursuant to the court's discovery order (*see, People v Fernandez*, 263 AD2d 673, 675, *lv denied* 94 NY2d 822). Defendant failed to preserve for our review his contention that the court employed an improper procedure for determining the accuracy of the transcript of the plea proceeding (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Resubmission of Appeal from Judgment of Supreme Court, Erie County, Buscaglia, J.—Attempted Criminal Possession Weapon, 2nd Degree.) Present—Green, J. P., Pine, Scudder and Lawton, JJ.