THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN VANCLEAVE, Appellant. [730 NYS2d 758] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him after a jury trial of promoting prison contraband in the first degree (Penal Law § 205.25 [2]), defendant contends that he was denied due process by the People's failure to inform him in a timely manner that the contraband, i.e., a shank, had been destroyed. That contention is unpreserved for our review (*see,* CPL 470.05 [2]) and, in any event, is without merit. "[T]o be considered exculpatory and therefore subject to disclosure under *Brady*, the withheld evidence must actually bear on the issue of the defendant's guilt or innocence" (*People v Carter*, 258 AD2d 409, 412, *lv denied* 94 NY2d 798). Here, it cannot be said that the inadvertent destruction of the shank and the People's failure to disclose the destruction in a timely manner bear on the issue of defendant's guilt or innocence, and thus there was no *Brady* violation. Further, we reject the contention of defendant that he received ineffective assistance of counsel based on defense counsel's failure to ask for an adjournment or a mistrial when the prosecutor admitted that the shank had been inadvertently destroyed (*see generally, People v Baldi*, 54 NY2d 137, 147).

Defendant contends that Supreme Court erred in giving an *Allen* charge (*see, Allen v United States*, 164 US 492) in response to the jury's question whether there was an alternative to a unanimous verdict. That contention has not been preserved for our review because defense counsel did not object to the charge (*see,* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

We reject defendant's contention that the evidence is legally insufficient to support the conviction (*see, People v Bleakley*, 69 NY2d 490, 495). The evidence establishes that, during a random search at Wende Correctional Facility, a correction officer found a nine-inch shank on defendant's person (*see*, Penal Law § 205.25 [2]).

The court properly sentenced defendant as a second felony offender. Contrary to defendant's contention, the People filed a statement pursuant to CPL 400.21 (2), and the record establishes that there was substantial compliance with the requirement that the court inquire whether defendant controverted the prior felony (*see, People v Ford*, 157 AD2d 992, 993, *lv denied* 75 NY2d 919). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Promoting Prison Contraband, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.