██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY WOODS, Appellant. [776 NYS2d 410]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered July 19, 2001. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of crimes arising from two separate drug transactions. Defendant initially was represented by an attorney in the Public Defender's office and, upon learning that the confidential informant was represented by another attorney in the Public Defender's office, defendant asked that his attorney be relieved of his assignment on the ground of a conflict of interest. County Court granted the request, appointed a new attorney to represent defendant, and declared a mistrial. Defendant failed to preserve for our review his present contention that the court erred in failing to conduct a *Gomberg*-type inquiry (*see People v Gomberg*, 38 NY2d 307 [1975]) and, in any event, that contention lacks merit (*see People v Smith*, 271 AD2d 752 [2000]). Furthermore, the record establishes that the Assistant Public Defender representing defendant was not aware of the conflict until the prosecutor revealed the confidential informant's name, and thus there is no basis to conclude that, prior to then, defendant was denied effective assistance of counsel as a result of the alleged conflict (*see People v Harris*, 99 NY2d 202, 210-211 [2002]). We reject the further contention of defendant that he otherwise was denied a fair trial by the actions of his attorneys, and we conclude that he received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

We also reject the contention of defendant that the verdict is inconsistent insofar as he was convicted of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) under the fourth count of the indictment and acquitted of criminal possession of a controlled substance in the third degree (*id.*) under the fifth count of the indictment. Because the two counts did not charge defendant with the possession of the same

cocaine, there is no inherent inconsistency in the verdict (*see People v Tucker*, 55 NY2d 1, 3 [1981], *rearg denied* 55 NY2d 1039 [1982]). Finally, the sentence is not unduly harsh or severe. Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.