■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIMELL MITCHELL, Appellant. [839 NYS2d 339]—

Carpinello, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 30, 2005, upon a verdict convicting defendant of the crimes of escape in the first degree, burglary in the second degree, burglary in the third degree, attempted robbery in the third degree and petit larceny (two counts).

On the afternoon of April 25, 2005, defendant, an inmate serving time for murder and criminal possession of a weapon, escaped from a holding cell at Albany Medical Center and proceeded to commit a series of additional crimes before being apprehended inside a residence not far from the hospital. Indicted on various counts and degrees of escape, burglary, robbery and petit larceny and found guilty as charged following a jury trial, he was sentenced as a second felony offender. His sentences, which were all consecutive to each other and to the sentence which he was then serving, ranged from one to 15 years in prison. He now appeals, and we affirm.

We are unpersuaded by defendant's contention that not all counts of the indictment were supported by legally sufficient evidence and that the verdict on all counts was against the weight of the evidence. Evidence at trial established that, while in a holding cell that afternoon, defendant managed to remove his handcuffs and escape through a loose ceiling tile. He discarded his prison shirt in a nearby utility room and then exited the hospital undetected. While on the lam, defendant broke into a vehicle in a nearby parking garage and stole a cell phone. A chisel similar to those used by the Albany Medical Center maintenance department was found on the front seat of this vehicle. He also approached a woman as she left her vehicle in the same parking garage and, while making threatening gestures, told

her that he had a gun and needed a ride. The woman refused, pushed past defendant and was able to get away from him without further incident. She immediately reported the encounter and the police were summoned.

Defendant next entered a nearby residence where he stole a jacket from the first floor which he was wearing when he was ultimately apprehended by the homeowner inside a closet on the second floor. The stolen cell phone was also found in this closet. While defendant took the stand in his own defense claiming that a correction officer permitted him to walk uncuffed out of the hospital and denying much of the charged conduct, the jury obviously did not credit his testimony. Viewing this evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish defendant's guilt of all of the charged crimes beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt on all counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant next argues that County Court should have suppressed the testimony of the woman he approached in the parking garage that afternoon because the police conducted an unduly suggestive photographic array and the People were unable to demonstrate an independent source for her in-court identification of him (*see e.g. People v Rockwell*, 18 AD3d 969, 969-970 [2005], *lv denied* 5 NY3d 768 [2005]).* At the *Wade* hearing, the woman testified that it was sunny outside on the day in question, that natural light shone in from the sides of the garage, that there were also lights on inside of it and that "[i]t was bright in there."

Furthermore, when defendant first approached her, he leaned into her car and was thus "very close to [her]," namely, a foot or less away. She looked at his face during this initial confrontation and, upon alighting from her vehicle and pushing past defendant, was even closer to him and again observed his face. Their contact continued as defendant proceeded to walk along side her as she headed for the exit stairwell. A few minutes later, she saw him again when "[h]e popped out at [her]" near the ground entrance of the garage. These facts amply support County Court's finding that the People established by clear and

* The People conceded that a single photo identification procedure utilized by the police was unduly suggestive and thus the *Wade* hearing entailed only whether there was an independent basis for this witness to identify defendant in court.

convincing evidence that an independent basis existed for this witnesses's identification of defendant untainted by the impermissible identification procedure (see id. at 970; People v Richardson, 9 AD3d 783, 786-787 [2004], lv denied 3 NY3d 680 [2004]; People v Morgan, 259 AD2d 771, 772 [1999], lv denied 93 NY2d 975 [1999]; People v Brooks, 210 AD2d 800, 802 [1994], lv denied 85 NY2d 906 [1995]; People v Stacey, 173 AD2d 960, 961 [1991], lv denied 79 NY2d 832 [1991]).

We are equally unpersuaded that defendant's right to self-representation was violated when County Court denied his requests to proceed pro se. When defendant expressed dissatisfaction with his attorney prior to commencement of the trial and lamented that he would represent himself if need be, County Court appointed him a new attorney and no protest was registered by defendant when he next appeared before the court. Such exchange is hardly indicative of a clear, unconditional and unequivocal request to proceed pro se (see People v Gillian, 8 NY3d 85, 88 [2006]; People v LaValle, 3 NY3d 88, 106 [2004]). While defendant did thereafter make such a request to represent himself, this came more than half way through the trial, and we find no abuse of discretion in County Court's decision to deny it as untimely (see People v McIntyre, 36 NY2d 10, 17 [1974]).

Defendant's remaining contentions have been considered and rejected as without merit.

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.

