■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS CARDUCCI, Appellant. [849 NYS2d 844]—Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered September 15, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, the appellate court must give '[g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967 [2005], *lv denied* 4 NY3d 831 [2005], quoting *Bleakley*, 69 NY2d at 495). Although there were some inconsistencies in the testimony of the sole prosecution witness who connected defendant to the crime, the inconsistencies "were properly considered by the jury and there is no basis for disturbing its determinations" (*People v Garrick*, 11 AD3d 395, 396 [2004], *lv denied* 4 NY3d 744, 798 [2004]). We further conclude that defendant's sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Peradotto, Pine and Gorski, JJ.