Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of promoting prison contraband in the first degree (Penal Law § 205.25 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]) and two counts of assault in the second degree (§ 120.05 [3], [7]). The general motion of defendant for a trial order of dismissal at the close of the proof did not preserve for our review his specific challenges to the legal sufficiency of the evidence supporting the conviction with respect to each count (*see People v Gray*, 86 NY2d 10, 19 [1995]). Defendant also failed to preserve for our review his contention that County Court erred in responding to the jury's request for clarification of the phrase "performing a lawful duty" contained in the definition of assault in the second degree under Penal Law § 120.05 (3) (*see People v McMillan*, 234 AD2d 1006 [1996], *lv denied* 89 NY2d 1038 [1997]; *see also People v Bowers*, 4 AD3d 558, 560 [2004], *lv denied* 2 NY3d 796 [2004]), and he failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct (*see* CPL 470.05 [2]; *People v Jackson*, 46 AD3d 1408, 1408-1409 [2007]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to the further contention of defendant, because he failed to contend after the verdict and before sentencing that he was deprived of a fair trial by prosecutorial misconduct, the court lacked authority to grant his motion to set aside the verdict pursuant to CPL 330.30 on that ground (*see People v Amato*, 238 AD2d 432, 432-433 [1997], *lv denied* 90 NY2d 937 [1997]).

We agree with defendant, however, that the determinate terms of incarceration of seven years imposed on counts one and two, for promoting prison contraband in the first degree and criminal possession of a weapon in the third degree, class D felonies, are illegal. Those crimes are not violent felonies, and thus the court should have imposed indeterminate terms of incarceration (*see* Penal Law § 70.06 [3] [d]; [4] [b]). Further, inasmuch as defendant must be sentenced to indeterminate terms of incarceration, he is not subject to a period of postrelease supervision (*see* § 70.45 [1]; *People v Hodge*, 23 AD3d 1062 [2005]). We therefore modify the judgment by vacating the sentences imposed for promoting prison contraband in the first degree and criminal possession of a weapon in the third degree, and we remit the matter to County Court for resentencing on counts one and two of the indictment. Present—Martoche, J.P., Centra, Lunn, Peradotto and Green, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RU P. PETERSON, Appellant. [855 NYS2d 397]—Appeal from a judg-

ment of the Erie County Court (Timothy J. Drury, J.), rendered October 5, 2005. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of burglary in the first degree (Penal Law § 140.30 [3]), defendant contends that County Court failed to engage in a sufficient *Gomberg* inquiry when the court learned that defendant and a codefendant were represented by the same attorney (*see People v Gomberg*, 38 NY2d 307, 313-314 [1975]). Defendant failed to preserve that contention for our review (*see People v Woods*, 6 AD3d 1126, 1127 [2004], *lv denied* 3 NY3d 683 [2004]) and, in any event, that contention lacks merit. The court's inquiry of defendant during the plea colloquy was sufficient to ascertain that he was aware of the potential risks and knowingly chose to have that attorney continue to represent him (*see People v Salcedo*, 68 NY2d 130, 135 [1986]; *People v McDonald*, 68 NY2d 1, 8 [1986], *rearg dismissed* 69 NY2d 724 [1987]; *People v Floyd*, 45 AD3d 1457, 1459 [2007]). Present—Martoche, J.P., Centra, Lunn, Peradotto and Green, JJ.