■ The People of the State of New York, Respondent, v Jonathan Odom, Appellant. [861 NYS2d 892]—

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered February 20, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (three counts) and promoting prison contraband in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of three counts of assault in the second degree (Penal Law § 120.05 [3], [7]) and one count of promoting prison contraband in the first degree (§ 205.25 [2]). Contrary to the contention of defendant, he was not denied his right to proceed pro se. It is well settled that "[a] defendant's request to represent himself [or herself] 'must be invoked clearly and unequivocally' " (*People v Gillian*, 8 NY3d 85, 88 [2006], quoting *People v LaValle*, 3 NY3d 88, 106 [2004]), and the record establishes that defendant failed to do so in a timely manner. Indeed, defendant did not raise any issue with respect to defense counsel's representation until after the close of evidence at trial, and the record does not support the contention of defendant that County Court advised him "that he did not need to make such an assertion" in this case. After the court appointed counsel to assist defendant "in any way you request," defense counsel appeared on behalf of defendant at every subsequent proceeding, including the jury trial, and we conclude that, because defendant failed to invoke his right to represent himself "clearly and unequivocally" before the close of evidence at trial,

he will not now be heard to contend that he was denied that right (*Gillian*, 8 NY3d at 88; *see People v Mitchell*, 42 AD3d 758, 761 [2007], *lv denied* 9 NY3d 963 [2007]).

Defendant concedes that he made only a general motion to dismiss and thus failed to preserve his challenge to the legal sufficiency of the evidence supporting the conviction of promoting prison contraband in the first degree (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that it is legally sufficient to support the conviction of that crime (*see People v Vancleave*, 286 AD2d 941, 942 [2001], *lv denied* 97 NY2d 689 [2001], *cert denied* 537 US 1052 [2002]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Here, the People alleged that defendant possessed a "dangerous knife," and there is a valid line of reasoning and permissible inferences that could lead a rational person to conclude that the sharpened toothbrush found on defendant's person was a dangerous knife (*see generally People v Slade*, 140 AD2d 885, 887 [1988]). Defendant failed to preserve for our review his further contention that the court changed the theory of the prosecution with respect to that crime by failing to instruct the jury that it must find that the contraband that defendant possessed was a dangerous knife (*see generally People v Halberg*, 254 AD2d 808, 809 [1998]; *People v Klumbach*, 202 AD2d 1009, 1010 [1994], *lv denied* 83 NY2d 912 [1994]). In any event, that contention is without merit because "the indictment charged more than the People were required to prove under the statute . . . , and the trial court's charge did not usurp the grand jury's powers or change the theory of the prosecution" (*People v Caldarola*, 45 AD3d 600, 601 [2007]; *see People v Charles*, 61 NY2d 321, 326-328 [1984]). Additionally, "because the theory of the defense was that [defendant never possessed the dangerous knife], defendant was not prejudiced by the variation [in the court's charge]" (*People v Buanno*, 296 AD2d 600, 601 [2002], *lv denied* 98 NY2d 695 [2002]).

Contrary to the further contention of defendant, he was not denied effective assistance of counsel when defense counsel opened the door to the admissibility of an audiotaped interview of defendant by a State Police investigator (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The interview was admissible in any event, and thus defendant failed to demonstrate that defense counsel's acts " 'prejudice[d] the defense or defendant's right to a fair trial' " (*People v Benevento*, 91 NY2d 708, 714 [1998]). Although defendant further contends that defense counsel was ineffective in introducing various written

reports prepared by prison staff concerning the incident, defendant failed " 'to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (*id.* at 712). Likewise, defendant's numerous claims that defense counsel was ineffective for failing to object to questions asked of various prosecution witnesses on relevancy, hearsay or other grounds "are based largely on his hindsight disagreements with defense counsel's trial strategies, and defendant failed to meet his burden of establishing the absence of any legitimate explanations for those strategies" (*People v Morrison*, 48 AD3d 1044, 1045 [2008]; *see Benevento*, 91 NY2d at 712-713). Additionally, "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]). Thus, it cannot be said that defense counsel was ineffective in failing to preserve for our review defendant's present challenge to the legal sufficiency of the evidence with respect to the crime of promoting prison contraband and defendant's present challenges to the jury charge.

We reject the further contention of defendant that he was denied his right to a fair trial based on numerous erroneous evidentiary rulings. "Trial courts are accorded wide discretion in making evidentiary rulings and, absent an abuse of discretion, those rulings should not be disturbed on appeal" (*People v Carroll*, 95 NY2d 375, 385 [2000]; *see People v Whitlatch*, 294 AD2d 909 [2002], *lv denied* 98 NY2d 703 [2002]). Although we agree with defendant that the court erred in overruling defendant's objection to testimony in response to the prosecutor's question concerning the "precautionary medicines" that a correction officer took after defendant bit his finger, we conclude that the sole error of the court with respect to that evidentiary ruling is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the admission of that testimony (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

As defendant correctly concedes, he failed to preserve for our review his contention that the court's *Sandoval* ruling constitutes an abuse of discretion (*see* CPL 470.05 [2]; *People v Jackson*, 46 AD3d 1408 [2007], *lv denied* 10 NY3d 841 [2008]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, defendant waived his challenge to the racial composition of the jury panel inasmuch as he first raised

that challenge after the jury had returned its verdict (*see* CPL 270.10 [2]; *People v Hardy,* 38 AD3d 1169, 1170 [2007], *lv denied* 9 NY3d 865 [2007]). Present—Centra, J.P., Lunn, Fahey, Peradotto and Gorski, JJ.