Malone Jr.,
J. Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered May 4, 2007, upon a verdict convicting defendant of three counts of the crime of sexual abuse in the first degree.
Following a jury trial, defendant was convicted of three counts of sexual abuse in the first degree in connection with his sexual abuse of a seven-year-old girl. He was thereafter sentenced to an aggregate prison term of 21 years, with three years of postrelease supervision. Defendant now appeals.
Contrary to defendant’s contention, the evidence is legally sufficient to support the conviction of sexual abuse in the first degree (see generally People v Bleakley, 69 NY2d 490 [1987]). As relevant here, a person is guilty of sexual abuse in the first degree when he or she has sexual contact with a person less than 11 years old (see Penal Law § 130.65 [3]; see also Penal Law § 130.00 [3]). Here, the evidence presented at trial established that the seven-year-old victim was alone in defendant’s care for at least six days during the time of the alleged abuse. The victim testified that defendant abused her on more than one occasion by taking off her clothes, attempting sexual *810 intercourse and touching her vagina with his hands. In addition, DNA evidence established that both the victim’s blood and defendant’s seminal fluid were found on items taken from areas in defendant’s house in which the victim testified the abuse took place. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]; People v Mitchell, 42 AD3d 758, 760 [2007], lv denied 9 NY3d 963 [2007]), there is a valid line of reasoning supporting the jury’s finding that defendant committed sexual abuse in the first degree (see People v Bleakley, 69 NY2d at 495). In addition, after weighing this evidence in a neutral light, and according deference to the jury’s credibility determinations, we are not persuaded by defendant’s contention that minor inconsistencies in the testimony of the victim or her mother rendered the verdict contrary to the weight of the evidence (see id.; People v Carthrens, 171 AD2d 387, 392 [1991]).
With regard to County Court’s Sandoval ruling, we find that defendant’s 1996 conviction upon his plea of guilty of petit larceny is probative as to his character for truthfulness and lack of credibility (see People v Willis, 282 AD2d 882, 883 [2001], lv denied 96 NY2d 869 [2001]). County Court properly found that the probative value of this conviction outweighed any prejudicial effect, despite its remoteness in time (see People v Barton, 13 AD3d 721, 724 [2004], lv denied 5 NY3d 785 [2005]).
Defendant next argues that County Court erred in denying his motion to set aside the verdict, which was based upon the allegation that one juror had improperly prejudged his guilt. However, inasmuch as this juror was not identified by defendant, and thus was not questioned about the allegation, and according deference to County Court’s credibility determinations, it cannot be said that defendant proved by a preponderance of the evidence that improper conduct by a juror affected a substantial right (see CPL 330.30 [2]; People v Irizarry, 83 NY2d 557, 561 [1994]; People v Leonard, 252 AD2d 740, 741 [1998], lv denied 92 NY2d 983 [1998]). Accordingly, County Court properly denied the motion.
Defendant’s argument that he was denied the effective assistance of counsel is likewise without merit. Among other things, defense counsel adequately questioned potential jurors during voir dire, raised appropriate objections during trial, made appropriate motions and was able to secure a hung jury on 9 out of the 12 charges against defendant, which then resulted in the dismissal of those charges. A review of the record as a whole reveals that defendant was provided with meaningful representation (see People v Baldi, 54 NY2d 137, 146-147 [1981]; People *811 v Ryan, 46 AD3d 1125,1126 [2007], lv denied 10 NY3d 939 [2008]).
Finally, we reject defendant’s contentions that the sentence imposed was illegal or harsh and excessive. Consecutive sentences are legally permissible where, as here, the record supports a finding that the “crimes [were] committed through separate and distinct acts” (People v Salcedo, 92 NY2d 1019, 1021 [1998]; see Penal Law § 70.25 [2]; People v Lynch, 291 AD2d 582, 583 [2002]). Moreover, given the nature of defendant’s crimes and the relationship between him and his victim, the sentences imposed here do not represent an abuse of discretion by County Court and defendant has not established that extraordinary circumstances exist that would warrant a reduction in the interest of justice (see People v Scanlon, 52 AD3d 1035,1040 [2008], lv denied 11 NY3d 741 [2008]; People v Miller, 226 AD2d 833, 837 [1996], lv denied 88 NY2d 939 [1996]).
To the extent not specifically addressed herein, defendant’s remaining contentions have been considered and found to be without merit.
Spain, J.R, Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.