Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered June 30, 2006. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]), arising from his having entered an attached garage and taking items, including a snowblower, without the owner’s permission. Defendant contends that the conviction is not supported by legally sufficient evidence because fingerprint identification evidence was the sole direct proof identifying him as the perpetrator, and the conclusions of the fingerprint examiner were not reliable. We reject that contention. Viewing the evidence in the light most favorable to the People, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we *1177 conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury based on the evidence at trial (see generally People v Danielson, 9 NY3d 342, 349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). Based on the fingerprint identification evidence and the testimony of the prosecution witnesses, a rational juror could have found that the fingerprints on the snowblower and broken window glass were left by the perpetrator, that defendant had touched the broken glass and removed the snowblower from the garage without the owner’s permission, and thus that defendant had burglarized the dwelling. We also reject defendant’s contention that the verdict is against the weight of the evidence, particularly in view of the great deference afforded to the jury’s credibility determinations (see generally Bleakley, 69 NY2d at 495; People v Carducci, 48 AD3d 1081 [2008]).
Finally, we reject the contention of defendant that he was denied effective assistance of counsel. The alleged claims of ineffective assistance set forth by defendant “ ‘are based largely on his hindsight disagreements with defense counsel’s trial strategies, and defendant failed to meet his burden of establishing the absence of any legitimate explanations for those strategies’ ” (People v Odom, 53 AD3d 1084, 1087 [2008]; see generally People v Benevento, 91 NY2d 708, 712-713 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]). Present — Martoche, J.E, Smith, Centra, Peradotto and Pine, JJ.