■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER R. DEMONTIGNY, Appellant. [874 NYS2d 636]—

Rose, J. Appeal from a judgment of the County Court of Broome County (Daley, J.), rendered November 19, 2007, convicting defendant upon his plea of guilty of the crimes of falsely reporting an incident in the second degree and assault in the second degree.

Defendant pleaded guilty to falsely reporting an incident in the second degree and assault in the second degree in full satisfaction of eight counts charged in two separate indictments. On the date scheduled for sentencing, he orally moved to withdraw his plea. When County Court denied the motion and sentenced him in accordance with the plea agreement, this appeal ensued.

Defendant's contention that he was deprived of his constitutional right to represent himself is without merit. Each time that defendant expressed dissatisfaction with his assigned counsel and asked to proceed pro se, County Court advised him of the consequences of representing himself and defendant elected to continue with counsel. He never made an unequivocal request to County Court to proceed pro se (*see People v Gillian*, 8 NY3d 85, 88 [2006]; *People v Mitchell*, 42 AD3d 758, 761 [2007], *lv denied* 9 NY3d 963 [2007]).

Defendant also argues that his guilty plea was not knowingly and voluntarily entered. While it is true that County Court did not expressly ask defendant whether he had fully discussed the plea with his attorney, the plea allocution viewed as a whole amply confirms that defendant had discussed the plea and understood it. And while it would have been better for County Court to inquire as to whether any threats or promises had been made to induce him to plead guilty, we note that defendant makes no showing of prejudice by alleging that any such threats or promises actually occurred. We note, as well, that defendant

acknowledged many of the rights he was forfeiting by pleading guilty, including his right to proceed to trial. Thus, we conclude that the court's "inquiry here, though minimal, was sufficient to establish that defendant understood the ramifications of such waiver" (*People v Smith*, 6 NY3d 827, 828 [2006], *cert denied* 548 US 905 [2006]).

Defendant also argues that his plea allocution was insufficient because it did not address all the elements of the crimes to which he was pleading. By accepting the plea bargain, however, he "surrender[ed] the right to make a subsequent challenge to the factual basis for the plea" (*People v Brooks*, 270 AD2d 569, 570 [2000], *lv denied* 95 NY2d 794 [2000]; *see People v Rivera*, 266 AD2d 576, 577 [1999]). Further, the record of the plea proceeding shows that he was aware of his possible defenses, including justification, because his counsel had discussed them with him and defendant expressly confirmed that he was waiving them. Inasmuch as defendant's allocution "reveals nothing that cast[s] doubt upon his guilt or call[s] into question the voluntariness of the plea" (*People v Mendez*, 45 AD3d 1109, 1110 [2007]; *see People v Seeber*, 4 NY3d 780, 780-781 [2005]), we conclude that defendant voluntarily, knowingly and intelligently entered his guilty plea and County Court did not err in accepting it (*see People v Seeber*, 4 NY3d at 781-782; *People v Welch*, 46 AD3d 1228, 1229 [2007], *lv denied* 10 NY3d 845 [2008]).

Cardona, P.J., Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.