THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GOLDDE DOUGLAS, Appellant. [875 NYS2d 723]—Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered February 18, 2005. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree and assault in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the first degree (§ 120.10 [1]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]) and, in any event, that contention is without merit. The majority of the prosecutor's comments on summation to which defendant objects on appeal were within the " 'broad bounds of rhetorical comment permissible in closing argument' " (*People v Williams*, 28 AD3d 1059, 1061 [2006], *affd* 8 NY3d 854 [2007], quoting *People v Galloway*, 54 NY2d 396, 399 [1981]), and those comments that were arguably beyond those bounds were not so egregious as to deprive defendant of a fair trial (*see People v Rivera*, 281 AD2d 927, 928 [2001], *lv denied* 96 NY2d 906 [2001]; *People v Walker*, 234 AD2d 962, 963 [1996], *lv denied* 89 NY2d 1042 [1997]). We further conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The alleged instances of ineffective assistance concerning defense counsel's failure to make various objections "are based largely on his hindsight disagreements with defense counsel's trial strategies, and defendant failed to meet his burden of establishing the absence of any legitimate explanations for those strategies" (*People v Morrison*, 48 AD3d 1044, 1045 [2008], *lv denied* 10 NY3d 867 [2008]; *see People v Benevento*, 91 NY2d 708, 712-713 [1998]). Further, "[t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005],

quoting *People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]; *see People v Odom*, 53 AD3d 1084, 1087 [2008], *lv denied* 11 NY3d 792 [2008]). Finally, although we agree with defendant that County Court erred in admitting a newspaper article concerning the number of local homicides, we conclude that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Gorski, JJ.