People v Rose (2025 NY Slip Op 02967)

People v Rose

2025 NY Slip Op 02967

Decided on May 15, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 15, 2025

113215
[*1]The People of the State of New York, Respondent,
v
Brandon M. Rose, Appellant.

Calendar Date:March 28, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Sapone & Petrillo, LLP, New York City (Edward V. Sapone of counsel), for appellant.
Mary E. Saitta, Special Prosecutor, Binghamton, for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Broome County (Kevin Dooley, J.), rendered October 21, 2021, convicting defendant upon his plea of guilty of the crime of murder in the second degree.
Defendant was charged in a nine-count indictment with murder in the second degree, two counts of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree and one count each of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, reckless endangerment in the first degree and tampering with physical evidence. The charges stemmed from an incident that occurred while defendant and the victim, both passengers in a motor vehicle operated by another individual, were returning to Broome County from New York City. During the course of that trip, defendant fatally stabbed and shot the victim, causing the driver to lose control of the vehicle and to leave the travel portion of the road. The People subsequently filed a superseding indictment with respect to the two counts of criminal possession of a weapon in the second degree charged in the original indictment, and defendant was offered the opportunity to plead guilty to murder in the second degree — in full satisfaction of both indictments — with the understanding that he would be sentenced to a prison term of 25 years to life. Defendant rejected the offer.
Thereafter, the People afforded defendant the opportunity to plead guilty to murder in the second degree with the understanding that his sentence would be capped at 25 years to life. The plea agreement also required defendant to waive his right to appeal. Defendant, represented by retained counsel, accepted the People's offer and pleaded guilty to murder in the second degree. Prior to sentencing, defendant retained new counsel who, in turn, filed a motion to withdraw defendant's guilty plea — contending that the plea was coerced and that defendant was denied the effective assistance of counsel. The People opposed defendant's request, and County Court denied the motion without a hearing. Following an unsuccessful motion to reargue, County Court sentenced defendant to a prison term of 25 years to life. This appeal ensued.
"Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of the trial court, withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement and an evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Roque, 234 AD3d 1050, 1051 [3d Dept 2025] [internal quotation marks and citations omitted], lv denied 43 NY3d 946 [2025]; see People v Rodriguez, 206 AD3d 1383, 1385 [3d Dept 2022]; People v Burks, 187 AD3d 1405, 1406 [3d Dept 2020], lv denied 36 NY3d 1095 [2021]). The crux of defendant's argument on this point is that his plea was [*2]coerced — by both his former attorney and County Court — and that he was denied the effective assistance of counsel based upon counsel's failure to retain certain experts and/or investigate the People's witnesses.
With respect to defendant's coercion claim, neither defense counsel's alleged advice (see People v Sutton, 221 AD3d 1185, 1186-1187 [3d Dept 2023], lv denied 41 NY3d 967 [2024]; People v Wood, 203 AD3d 1406, 1407 [3d Dept 2022], lv denied 38 NY3d 1075 [2022]; People v Walker, 173 AD3d 1561, 1562 [3d Dept 2019]) nor County Court's frank statements regarding defendant's potential sentencing exposure should he proceed to trial and be convicted of all charges constituted threatening or coercive conduct (see People v Dye, 210 AD3d 1192, 1193 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]; People v Loya, 204 AD3d 1255, 1256 [3d Dept 2022], lv denied 38 NY3d 1072 [2022]; People v Iorio, 188 AD3d 1352, 1353 [3d Dept 2020], lv denied 36 NY3d 1051 [2021]). Simply put, "[t]he pressure of whether to accept a plea or face the potential of increased sentencing exposure following a trial amounts to no more than the type of situational coercion faced by many defendants who are offered a plea deal" (People v Hawkins, 207 AD3d 814, 816 [3d Dept 2022] [internal quotation marks and citations omitted]; see People v Nunnally, 224 AD3d 992, 993 [3d Dept 2024], lv denied 41 NY3d 1004 [2024]). Further, defendant's present claim of coercion is belied by his sworn plea allocution, wherein he denied that anyone had forced him to plead guilty or otherwise "twisted [his] arm" and assured County Court that he had weighed "the pros and cons" of accepting the People's plea offer and was pleading guilty freely and voluntarily (see People v Hatcher, 211 AD3d 1236, 1238 [3d Dept 2022], lv denied 39 NY3d 1078 [2023]).
As for his assertion that he was denied meaningful representation in the context of his plea, defendant initially faults his former counsel for failing to retain a private investigator to explore the credibility of the driver of the vehicle in which defendant and the victim were riding at the time of the incident. According to defendant, the driver provided inconsistent information regarding the location of the incident, thereby calling her credibility into question. The record reflects, however, that the driver refused to speak with the investigator ultimately retained by defendant, and any assertion that she would have been willing to do so at an earlier date is entirely speculative. Moreover, even assuming, without deciding, that the driver provided inconsistent information in this regard, "this potential impeachment material is insufficient, without more, to justify the relief sought" — namely, withdrawal of defendant's plea (People v Richards, 251 AD2d 707, 708 [3d Dept 1998], lv denied 92 NY2d 929 [1998]; see generally People v Fernandez, 263 AD2d 673, 675 [3d Dept 1999], lv denied 94 NY2d 822 [1999]).
We reach a similar conclusion regarding former counsel's [*3]failure to retain a medical examiner in support of defendant's claim that the victim was the aggressor and that defendant, in turn, acted in self-defense. The fact that the victim, who initially was a passenger in the rear of the vehicle, was found — after the vehicle left the road and the driver fled the scene — in the driver's seat, at best, demonstrates that at some point during the incident, the victim climbed into the front of the vehicle. Indeed, the forensic pathologist who submitted an affidavit in support of defendant's motion to withdraw his plea opined only that the evidence was consistent with the victim "lunging from the back seat of the vehicle" and "mov[ing] forward." Such proof does not establish that the victim was the aggressor, nor — as County Court pointed out — does it demonstrate that the victim was "using or about to use deadly physical force" against defendant at that point in time, which would be necessary to give rise to a viable justification defense (Penal Law § 35.15 [2] [a]). Undoubtedly, defendant's assertion that he would not have pleaded guilty had he been aware that he had a colorable defense is inconsistent with the statements made during his sworn plea allocution, during the course of which he expressly acknowledged that counsel had discussed the viability of potential defenses (see e.g. People v Rodriguez, 206 AD3d at 1385), including the defense of justification (see e.g. People v Demontigny, 60 AD3d 1152, 1153 [3d Dept 2009], lv denied 12 NY3d 914 [2009]).
Contrary to defendant's assertion, the record as a whole "establishes that defendant, in pleading guilty, made a knowing, voluntary and intelligent choice among alternative courses of action" (People v Atutis, 214 AD3d 1264, 1266 [3d Dept 2023] [internal quotation marks and citation omitted]). As noted previously, defendant denied that he had been coerced by anyone to enter a guilty plea and acknowledged that he and counsel had discussed a justification defense, and the record otherwise reflects that he unequivocally pleaded guilty to murder in the second degree. Under these circumstances, County Court did not abuse its discretion in denying defendant's motion to withdraw his plea (see People v Ward, 228 AD3d 1134, 1137 [3d Dept 2024], lv denied 42 NY3d 1022 [2024]; People v Atutis, 214 AD3d at 1266; People v Wrest, 159 AD3d 1274, 1275 [3d Dept 2018]; People v Young, 112 AD3d 1068, 1069 [3d Dept 2013], lv denied 22 NY3d 1204 [2014]). Defendant's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be unpersuasive.
Aarons, J.P., Pritzker, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.